JOHN M. MACK, Appellant, *v.* WILLIAM J. LATTA et al., Respondents, Impleaded with Another.

EQUITY — ACTION AGAINST CORPORATION AND INDIVIDUAL DIRECTORS TO RESCIND STOCK SUBSCRIPTION INDUCED BY THEIR FRAUD, MAINTAINABLE. An action in equity to rescind a subscription for corporate stock, to perpetually enjoin the assertion of the validity of the agreement and the bringing or maintaining any action, legal or equitable, based thereon, upon the ground that it was obtained by fraud, is properly brought, not only against the corporation, but also against individual officers of the corporation by whose alleged false representations the subscription was induced. The plaintiff in such a case is not confined to his remedy at law against the individual defendants, but, in order to avoid a multiplicity of suits, a court of equity, having concurrent jurisdiction, will interpose and afford him full and complete relief in one action; and the fact that the corporation and not the individual defendants received the benefit of the transaction does not release them from liability thereon.

*Mack* v. *Latta,* 83 App. Div. 242, reversed.

(Argued May 11, 1904; decided June 3, 1904.)

APPEAL from judgments entered June 8, 1903, upon orders of the Appellate Division' of the Supreme Court in the first judicial department, which affirmed in part interlocutory judgments of Special Term sustaining demurrers to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Courtland V. Anable* and *De Lancey Nicoll* for appellant, The complaint states facts sufficient to constitute a cause of action against each of the respondents. (*Marie* v. *Garrison,* 83 N. Y. 14; *Johnson* v. *Golder,* 132 N. Y. 116; *Conklin* v. *McCauley,* 41 App. Div. 452; *Richter* v. *Nimmo,* 63 App. Div. 422; *Allen* v. *Addington,* 7 Wend. 10; *Ward* v. *Center,* 3 Johns. 271; *March* v: *F. Nat. Bank,* 4 Hun, 466; *Viele* v. *Goss,* 49 Barb. 96; 51 N. Y. 624; *Newell* v. *Randall,* 32 Minn. 171; *Mallory* v. *Leach,* 35 Vt. 156.) Causes of action are not improperly united in the complaint, since it states but a single cause of action in equity. (*Mahr* v. *N. U. F. Ins.*

*Socy.*, 127 N. Y. 452, 460 ; *Derham* v. *Lee*, 87 N. Y. 599, 604 ; *Gray* v. *Fuller*, 17 App. Div. 29 ; *Bradley* v. *Bradley*, 165 N. Y. 183, 187 ; *Bosworth* v. *Allen*, 168 N. Y. 157 ; *Vail* v. *Reynolds*, 118 N. Y. 297 ; *Hubbell* v. *Meigs*, 50 N. Y. 480 ; *Yeomans* v. *Bell*, 151 N. Y. 230 ; *Wiles* v. *Suydam*, 64 N. Y. 175 ; *Teall* v. *City of Syracuse*, 32 Hun, 332.)

*William J. Fanning* for Martin Maloney, respondent. The complaint does not state facts sufficient to constitute a cause of action against the respondent, Martin Maloney, in that it fails to allege any damage. (*Arthur* v. *Griswold*, 55 N. Y. 410 ; *Harlow* v. *La Brun*, 151 N. Y. 278 ; *Stewart* v. *Lester*, 49 Hun, 58 ; *Smith* v. *Countryman*, 30 N. Y. 656 ; *Valton* v. *U. F. L. A. Co.*, 20 N. Y. 32 ; *Thompson* v. *Gould*, 16 Abb. Pr. [N. S.] 423.) The complaint, taken as a whole, does not state facts sufficient to constitute a cause of action for deceit against the individual defendants. (*Peek* v. *v. Gurney*, L. R. [6 H. L.] 377 ; *Hubbell* v. *Meigs*, 50 N. Y. 487 ; *Gorden* v. *Butler*, 105 U. S. 558 ; *Dawe* v. *Morris*, 4 L. R. A. 158.) Assuming that the complaint sets forth but one cause of action, plaintiff has attempted to blend therein two inconsistent remedies, one being in disaffirmance and the other in affirmance of the contract. (*Yeomans* v. *Bell*, 151 N. Y. 230 ; *Roome* v. *Jennings*, 2 Misc. Rep. 257 ; *Bowen* v. *Mandeville*, 95 N. Y. 237 ; *Vail* v. *Reynolds*, 118 N. Y. 297 ; *Teal* v. *City of Syracuse*, 32 Hun, 332 ; *Hubbell* v. *Meigs*, 50 N. Y. 487 ; *Wiles* v. *Suydam*, 64 N. Y. 175 ; *Seymour* v. *Lorillard*, 8 Civ. Pro. Rep. 90 ; *Perkins* v. *Slocum*, 82 Hun, 366 ; *Stanton* v. *M. P. R. Co.*, 15 Civ. Pro. Rep. 296.)

*Adrian H. Joline* and *Arthur H. Van Brunt* for William J. Latta, respondent. The complaint does not state facts sufficient to constitute a cause of action against the defendant Latta. (*Brackett* v. *Griswold*, 112 N. Y. 467 ; *Kountze* v. *Kennedy*, 72 Hun, 311 ; 147 N. Y. 124 ; *Hewlett* v. *S. C. S. Co.*, 84 Hun, 240 ; *Aron* v. *De Castro*, 13 N. Y. Supp. 372 ;

*Thompson* v. *Gould*, 16 Abb. Pr. [N. S.] 424; *Seaman* v. *Becar*, 15 Misc. Rep. 616; *Gould* v. *Allen*, 1 Wend. 182; *Rider* v. *Pond*, 28 Barb. 447.) If, however, causes of action may be spelled out of the complaint as against the several defendants, it is manifest that causes of action have been improperly joined. (*Yeomans* v. *Bell*, 151 N. Y. 230; *Stanton* v. *M. P. Ry. Co.*, 15 Civ. Pro. Rep. 296; *Church* v. *Stanton*, 9 N. Y. S. R. 121; *Nichols* v. *Drew*, 94 N. Y. 22; *Compton* v. *Hughes*, 38 Hun, 377; *Paulson* v. *Van Steenberg*, 65 How. Pr. 342; *House* v. *Cooper*, 30 Barb. 157; *Adams* v. *Stevens*, 7 Misc. Rep. 468; *McKenzie* v. *Hatton*, 9 Misc. Rep. 16; *Olin* v. *Arendt*, 5 N. Y. Supp. 820.)

PARKER, Ch. J. Plaintiff, upon misrepresentations made to him by the two individual defendants — one the president of defendant corporation, the other a director, and member of the executive committee, and who were the chief promoters of the corporation — was induced to subscribe for $500,000 worth of stock. Twenty per cent, $100,000, was called for by the corporation and paid by plaintiff before he became aware that the representations made to him were untrue. As soon as the discovery was made he brought this action on the equity side of the court against the corporation and the two officials who made the misrepresentations. He seeks to have the subscription adjudged void and canceled; to have defendants perpetually enjoined from asserting the validity of the agreement and from bringing or maintaining any action at law or in equity based thereon; and to have judgment against the individual defendants, as well as against the corporation, for the $100,000 paid, with interest. Defendants separately demur to the complaint, and the question presented is whether an action can be maintained in equity against the individual defendants who made the misrepresentations, as well as the corporation receiving the money.

Our attention has not been called to any precedent in this state for such an action where the right to maintain it was challenged either by demurrer, or suitable objection at the

trial. *Bosley* v. *National Machine Co.* (123 N. Y. 550) was an action in equity against a corporation and its president, House, to obtain rescission of a contract of subscription for stock, for an accounting, and for payment to her of the balance found due. Plaintiff had judgment at Special Term rescinding the contract, and awarding her a judgment against both defendants for the amount found due. That judgment was affirmed in the General Term and this court, where it was for the first time insisted that there was no equitable cause of action against defendant House, and that the only relief to which plaintiff was entitled against him was a money judgment. The court says (p. 557): " We are inclined to the belief that this claim is well founded ; but the defendant House cannot avail himself of it here, as there is no exception in the record upon which he can base such a claim."

That case, however, is authority for the maintenance of this action against defendant corporation, and accords with the opinion of the Appellate Division in this case, which holds, upon reasoning which we entirely approve, that the complaint states a good cause of action against defendant corporation for a rescission of the contract, and for judgment against it canceling the subscription, and awarding to plaintiff $100,000 paid by him, with interest. That court was of the opinion, however, that the individual defendants were improperly joined in the action, and the intimation in *Bosley's Case* (*supra*) is in the same direction. And the investigation of counsel and our own research have not brought to our attention a case in this state holding otherwise ; indeed, there seems to be no decision bearing directly upon the question one way· or the other. It is, therefore, an open question for consideration in this court.

As we have seen, the action will lie as brought against defendant corporation, and our inquiry must be whether equity should bring in the individual defendants whose misrepresentations have compelled plaintiff to bring the suit in order to relieve himself of a further payment of $400,000 and to recover the $100,000 already paid.

The demurrer of the individual defendants requires us to assume that the facts alleged in the complaint are true, and thus we are advised that the statements made by them to plaintiff were of such a character as to entitle him to have his subscription canceled on the ground of fraud. That being so it is clear that upon the facts stated in the complaint plaintiff would be entitled to judgment against the individual defendants in an action at law for damages for their fraud. It is true defendant corporation received the $100,000, and not the individual defendants, but they could not escape in an action at law a judgment for such damages as plaintiff sustained, for it is well settled in this state that recovery may be had of a party in such a case although he received no benefit from the transaction. (*Hubbard* v. *Briggs*, 31 N. Y. 518; *Hulbert* v. *Meigs*, 50 N. Y. 480; *Schwenk* v. *Naylor*, 102 N. Y. 683; *N. Y. L. I. Co.* v. *Chapman*, 118 N. Y. 288.) And it is held in Massachusetts that upon a rescission of a contract the aggrieved party may recover as his damage, from the agent making the misrepresentations inducing the contract, the money paid the principal, which in that case was a corporation. The court says in part: " We are of opinion that, under these circumstances, he has a right to recover damages of the defendant to an amount which will put him in the same position as if the fraud had not been practiced on him. As a consequence of the fraud, he has paid out a sum of money as a premium for which he has got nothing. We think he is entitled to recover it of the defendant. The contention of the defendant, that the cancellation of the policy was the cause of the loss of the premium paid, seems to us to be a refinement which leads to unjust results. * * * To hold as the defendant claims, would be to deprive the plaintiff of his right of election for the benefit of the defendant." (*Hedden* v. *Griffin*, 136 Mass. 229, 232.)

So if plaintiff had brought this action against the corporation alone and obtained a judgment canceling the contract and awarding him the $100,000 advanced, with interest, and he should have failed to collect from the corporation by

34

reason of its lack of assets, he could undoubtedly have col-
lected the balance unpaid in an action at law against the
officers whose fraudulent representations had induced the
contract.

That being so, it is clear that a multiplicity of actions would
be avoided, and a greater certainty of collection would result
in an action such as this, where all the parties being before
the court — those guilty of the fraud as well as the direct
beneficiary of the fraud — the court could enjoin actions by the
corporation for the balance of the subscription, cancel the
subscription and give plaintiff judgment against all the defend-
ants for the amount paid, directing collection so far as possible
out of the corporation, the balance, if any, to be collected
from the individual defendants.

Such a decree would likely secure the co-operation of
defendant officers towards efforts on the part of the corpora-
tion to satisfy the judgment in order to reduce as far as pos-
sible the sums they would be personally obliged to pay.   And
such effort on their part it is but just that an unfortunately
defrauded plaintiff should have.

Again, it would more promptly, if not more certainly,
restore to the party injured his own, for recovery would neces-
sarily be much delayed by procedure requiring him to exhaust
his remedy against the corporation before bringing action
against the persons actually guilty of the fraud.   It is a favorite
object of equity to prevent multiplicity of suits.   And the
question presented to a court of equity when that doctrine is
invoked is " whether there is a sufficient common bond
among the body of similarly situated persons on the one side
of the controversy to authorize the court to interfere and give
complete relief to them or against them all in one proceeding,
and thus avoid a multiplicity of suits." (1 Pomeroy's Eq.
Juris. § 257, note.)

Under this head Chancellor KENT says, in *Brinkerhoff* v.
*Brown* (6 Johns. Ch. 139, 156) : " A bill against several per-
sons must relate to matters of the same nature, and having a
connection with each other, and in which all the defendants

are more or less concerned, though their rights in respect to the general subject of the case may be distinct." Pomeroy says (1 Pomeroy's Eq. Juris. § 180): "The fact that there is a legal remedy is not the criterion; that legal remedy, both in respect to its final relief and its mode of obtaining the relief, must be as efficient as the remedy which equity would confer under the same circumstances, or else the concurrent jurisdiction attaches." It must be obvious that the relief afforded by a suit such as plaintiff has brought would be more prompt, and, therefore, more efficient, to right the wrong done to a plaintiff by a corporation and its officers and agents as in this case.

This subject has received consideration in Cook on Corporations (4th ed. § 156), where the author says: "The complainant in a bill in equity to set aside a subscription obtained by fraud cannot sue in behalf of himself and others who may wish to come in. But several subscribers, defrauded in the same way, may join in the bill as co-complainants. Fraudulent intent need not be proved. *Scienter* is not of the essence of the action. The corporation is to be a defendant, and if merely a cancellation of the subscription and an injunction against suits at law are sought, the corporation may be the sole defendant. A court of equity in these actions will give complete relief by decreeing that the directors guilty of the fraud shall refund to the subscriber payments made by him before discovering the fraud. This relief dispenses with an action at law for damages for deceit, and when sought for in the bill in equity the guilty directors must be made parties."

In Thompson on Corporations (§ 1483) it is said: "It is clear upon authority that, in those cases where it is sought to recover of the directors damages which a person has sustained in consequence of having been induced by their fraud to take shares in their company, the courts of equity exercise a jurisdiction concurrent with that of courts of law. Hence the fact that a person defrauded in this manner has a remedy at law, does not oust the jurisdiction to afford him relief." And in section 1484 the same author says: "The only advantage

of going into equity with such a suit seems to be to obtain a more ample remedy. In an action at law for deceit the plaintiff can only recover the damages he has suffered but in equity he may claim (1) cancellation of his subscription ; (2) a decree against directors jointly and separately for the repayment to him of all the moneys paid for the shares; and (3) an injunction against future calls. To such a suit, of course, the corporation is a party."

In England the Court of Equity has applied the rule stated by both Cook and Thompson in a number of cases. *Henderson* v. *Lacon* (L. R. [5 Eq.] 248) is an action in equity against a corporation and five of its directors to cancel for fraud a subscription to its stock, and secure the return of 100 pounds paid upon it. The court says (p. 260) : " Any representations made by the agents of a company which form the foundation of a contract between that company and a third person — those misrepresentations lying at the root of the contract — will entitle the other party to avoid the contract, and the company must in that sense take upon themselves the consequences of the misrepresentations of their agents. The contract must be annulled. The position of the agents themselves, who make the misrepresentations, is different. \* \* \* If you are to make them personally liable for the consequences of their misrepresentations, *not they but the party for whom they contracted pocketing the proceeds — as in this instance the company, for whom the directors may be taken to be acting as agents* — you must fix them also with a guilty knowledge of the misrepresentation which is communicated to the person who is led into the contract." The court, after examining the facts, and reaching the conclusion that such knowledge existed on the part of the directors, says further (p. 262) : " The plaintiff is therefore entitled to a decree for the repayment of 100 pounds from the directors personally. Further than that, he is entitled to an injunction restraining the continuance of the proceedings at law. He is also entitled to a declaration that the company, being now in liquidation, are bound to repay him this 100 pounds; and to an injunction

restraining them from proceeding on the judgment, and also from proceeding against him in respect of any further case."

In *Ross* v. *Estates Investment Co.* (L. R. [3 Eq.] 122) plaintiff filed a bill to set aside an allotment of shares to him on the ground of fraudulent misrepresentations contained in the prospectus. The court holds that there had been such an amount of misrepresentation by the directors and other authorized agents, for whose statements — having adopted, and had the benefit of them — they were responsible, that any contract to take shares entered into on the faith of the prospectus must be set aside. The mandate of the decree in that case is (p. 139): "Direct the defendants to repay the deposit of 10 pounds paid by plaintiff for the shares, and defendants, the directors, to cause the plaintiff's name to be removed from the register." An injunction against suits on the subscription is also granted, and it is directed that all the defendants pay the costs.

*Kent* v. *Freehold Land and Brickmaking Co.* (L. R. [4 Eq.] 588) was a suit against the corporation, certain directors and a promoter to cancel a subscription for stock, and recover back moneys already paid thereon. The court, after reaching the conclusion that plaintiff's subscription was induced through fraudulent representations, says (p. 600): "The plaintiff seeks relief against them all, and against them all he is entitled to relief; for Spargo, though not a director, concurred in the acts of the directors. The decree will be, that the plaintiff's name be removed from the list of shareholders; for an account of what moneys have been paid to him by the company, and of what sums he has received, with interest on both sides, at 5%; then that the balance be paid to the plaintiff, and that the defendants pay the costs of the suit; with an injunction to stay the action."

These authorities were cited with approval in *Vreeland* v. *N. J. Stone Co.* (29 N. J. Eq. 188, 195). The vice chancellor says: "These cases, in my opinion, declare the correct rule. All who get gain by fraud must bear the legal consequences of the wrong they do." That was a suit to set aside com-

plainant's contract to take 100 shares of the stock of the corporation, and to recover the amount paid under it, on the ground that it was induced by willful misrepresentation. It appeared that the defendants constituted the whole proprietorship of the corporation, so that while the payment was to the corporation they necessarily received the entire benefit of it; but the principle applied is not different on that account, and the court rested its entire argument on the English cases cited *supra*, and the doctrine therein asserted. That case was subsequently unanimously affirmed without opinion by the Court of Errors and Appeals. (29 N. J. Eq. 651.)

*Bosher* v. *R. & H. Land Co.* (89 Va. 455) is a suit in equity against a corporation and certain promoters to rescind for fraud a subscription contract and obtain repayment of the sums paid under it. The principal point discussed is whether several stockholders jointly defrauded may join in such an action. The court says (p. 462): "A court of equity in these actions will give complete relief by decreeing that the directors guilty of fraud shall refund to the subscriber payments made by him before discovery of the fraud. This relief dispenses with an action at law for damages for deceit, and, when sought for in a bill in equity, the guilty directors must be made parties, and the bill is not multifarious by reason of its blending prayers for these various kinds of relief."

In *Tyler* v. *Savage* (143 U. S. 79) suit is brought by a creditor of a Virginia corporation in behalf of herself and other creditors against the company, its president, Tyler, and certain directors and other persons. Plaintiff's claim is based upon a payment of $10,000 for stock of the company induced by alleged fraudulent misstatements by Tyler. The bill alleged that Tyler personally, as well as the company, was liable to repay the $10,000. The decree stated "that the defendant John Tyler, individually, and the remaining assets of the Virginia Oil Co., are liable to the plaintiff, Sarah C. Savage, for the sum of $10,000 paid by her into the treasury of the company at the instance of Tyler" (p. 90.) The Supreme Court affirming the decree says (pp. 97, 98): "The averment

of the bill that the $10,000 was justly due to the plaintiff by Tyler and the company because that sum was unlawfully obtained from her by misrepresentations of the affairs of the company by Tyler, who was its president and duly authorized agent, and because that sum went into the treasury of and was spent by the company, is a distinct allegation that the $10,000 was justly due to her by Tyler.   *   *   *   The relief against Tyler was properly granted under the prayer of the bill for general relief. It was consonant with the facts set out in the bill as a ground of relief against Tyler personally, and it was a relief agreeable to the case made by the bill."

These decisions seem to us so well grounded in reason as to justify a court of equity — invoked to cancel a subscription for stock on the ground of fraud, and enjoin further calls for payment, and the prosecution of actions thereon — in bringing in the officers and agents of the corporation who were personally guilty of making the misrepresentations constituting the fraud, so that plaintiff may have complete relief in one action against both the corporation and the persons guilty of the fraud.

The judgments of the Appellate Division and of the Special Term should be reversed, and defendants permitted to answer within twenty days, on payment of the costs in all courts.

BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur; GRAY, J., dissents.

Judgments reversed, etc.