## SERVICE OF SUMMONS IN ANOTHER COUNTY.

Circuit Court of Cuyahoga County.

LOUIS N. GROSS v. J. H. WIENER, THE WIENER BROS. CO. AND THE INTERVALE FRUIT COMPANY.

Decided, July 9, 1912.

*Parties—Service—When Joint Defendants May be Served in Other Counties.*

Where one by false and fraudulent representations has induced another to purchase of a third party stock in a certain corporation, in an action whereby it is sought to annul the entire transaction and recover the money paid from the party making the representations and the party to whom it was paid, the party making the representations is a proper party within the meaning of Section 11255, General Code, and when service has been had upon him, summons may issue to another county for the party to whom the money was paid and the corporation whose stock was purchased.

*White, Johnson & Cannon,* for plaintiff.
*Kline, Tolles & Morley,* contra.

MARVIN J.; WINCH, J., and NIMAN, J., concur.

We are proceeding to dispose of the question submitted to us in this case although the transcript from the court below, now in our hands, does not show that a judgment was ever rendered in the court below. We assume, however, that such judgment was rendered and that counsel will have the transcript completed.

The plaintiff's petition was filed in Cuyahoga county, and personal service was had upon the defendant, J. H. Wiener, in said county. The two corporations which are made defendants have no residence or officer in this county but each has its place of business and home office at Akron, in Summit county.

The service of summons upon each of these two last named defendants was made by the sheriff of Summit county in Summit county.

The question presented to us is whether or not they are properly before us.

It is alleged that the relation of J. H. Wiener to the other defendants is such that a service upon him in this county does not warrant service upon the other defendants outside of this county. The petition alleges that by fraudulent representations made to the plaintiff by J. H. Wiener, he was induced to and did pay to the defendant, the Wiener Bros. Company, a large amount of money for stock which said last named company owned in the Intervale Fruit Company. The prayer of the petition is that the plaintiff be declared not to be a stockholder in the last named company, and that his name be taken from the books of such company as a stockholder; that the Wiener Company and J. H. Wiener be required to repay to the plaintiff what he has paid for the stock, and that he be relieved from the payment of a note given by him, now held and owned by the Wiener Bros. Company.

This is a brief statement of what practically the plaintiff seeks in the action.

On the part of the plaintiff it is urged that the service made upon the defendant corporations in Summit county is good by reason of Section 11282 of the General Code, which reads:

"When the action is rightly brought in any county, according to the provisions of the next preceding chapter, a summons may be issued to any other county against one or more of the defendants at the plaintiff's request."

If, then, this action was properly brought against the defendant, J. H. Wiener, who was served with summons in this county, and if he is a proper party to be joined with the other defendants in the action, it would seem clear that the service in Summit county was proper.

Section 11255 of the General Code provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein."

It is said that the primary object of this action is to have the entire transaction by which the plaintiff became the purchaser of the stock of the fruit company nullified, and that he

be restored to the situation in which he was before that trans-
action took place, and that the defendant, J. H. Wiener, not
being now and never having been the owner of the stock which
the plaintiff purchased, can do nothing toward restoring the
plaintiff to the relation in which he stood to the Intervale Fruit
Company before the purchase was made, and that since this
is true, the action was not properly brought against him be-
cause it is said the action is an equitable action.  But conceding
that this is in substance true, it is still true that the plaintiff
seeks to recover money from both the Wiener Bros. Company
and J. H. Wiener.  J. H. Wiener has answered in the case, and
denies the allegations of the petition in the matter of any false
representations made by him, or any fraud perpetrated by him
in the transaction in any wise, and therefore denies that the
plaintiff is entitled to recover anything against him.

We think he comes within those named in Section 11255; that
he is a person "who has or claims an interest in the controversy
adverse to the plaintiff." If he has not any claim or interest
adverse to the plaintiff, there was no occasion for him to file
an answer nor make any defense.  He makes answer because
his claim is adverse to the plaintiff.  He says it isn't true that
he induced the plaintiff to part with his money; he makes that
issue; it is directly adverse to the claim of the plaintiff.

We think this is borne out by what is said by our Supreme
Court in the case of Osborn v. McClelland, 43 O. S., 284.  The
language of the sixth clause of the syllabus is:

"In this respect the civil code adopts the former rule in equity,
which allows all parties interested in the controversy adversely
to the prima facie owner, or who are necessary to a complete
determination or settlement of the question involved, to be made
defendants."

The case of Mack v. Latta, 178 N. Y., 525, was decided under
a statute in effect the same as our Section 11255 and we think
that bears out the proposition that J. H. Wiener was a proper
party to be joined with the other defendants in this action.  The
court below thought otherwise, and thought, too, that J. H.
Wiener was not a necessary party to this controversy, and in the
opinion which we have seen, prepared by the court below, Sec-

.tion 11255, is quoted as reading: -

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, *and* who is a necessary party," etc.

Whether this is a mistake of the typewriter, we are not advised, but if the statute read as so quoted, it would be necessary in determining the case before us to determine the question of whether J. H. Wiener was a necessary party to this proceeding; but as the conjunction "or" is used in the statute and not the conjunction "and" we deem it sufficient to warrant us in saying, without an examination of the question of what result we reach on the question of whether J. H. Wiener is a necessary party, we find here that he is a proper party because he has an interest or claims one adverse to the claim of the plaintiff.

We reach the conclusion, therefore, that the parties are all properly before the court, and that therefore the case is properly here for trial.