J. C. TURNER LUMBER COMPANY and BURTON SWARTZ CYPRESS COMPANY, Appellants, *v.* JAMES D. LACEY and Others, Copartners Doing Business under the Firm Name and Style of JAMES D. LACEY & Co., Respondents.

First Department, April 21, 1922.

Vendor and purchaser — fraud and deceit — pleading — actions against principal for rescission and against agent for damages may be united but cannot be brought separately at same time — equity — distinction between action at law and suit in equity.

A suit in equity for the rescission of a contract against the principal and a cause of action for damages against the agent who made the false and fraudulent representations on which the claim for rescission is based, may be united in the same complaint, but separate actions cannot be maintained at the same time, one against the principal for rescission and the other against the agent for damages, for the plaintiff in the action for rescission, if successful, would get back all he had paid, and hence would have a claim for damages only if he failed wholly or partly to recover all he had paid out, with interest.

And so, where pending a suit against the principal to rescind a contract an action is instituted against the agent to recover damages for fraud and deceit, the

plaintiff should not be given leave to amend the complaint against the agent, but it should be dismissed.

One of the fundamental distinctions between a suit in equity and an action at law is that in the former relief is given upon the facts as they exist on the date of the decree, while in an action at law the judgment deals with the facts as they existed at the commencement of the action.

MOTION by the plaintiffs, J. C. Turner Lumber Company and another, for a reargument of an appeal, or, in the alternative, for leave to appeal to the Court of Appeals, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 30th day of December, 1921, upon an order granting defendants' motion for judgment on the pleadings, and also from an order entered in said clerk's office on the 26th day of September, 1921, granting defendants' motion for judgment on the pleadings and directing judgment in favor of defendants dismissing the complaint, and also from an order entered in said clerk's office on the same day denying plaintiffs' motion to overrule the demurrer to plaintiffs' complaint and for judgment on the pleadings.

*Samuel Silbiger* [*William D. Guthrie* of counsel], for the motion.

*Root, Clark, Buckner & Howland* [*Emory R. Buckner* of counsel; *Hamilton Rogers* with him on the brief], opposed.

PAGE, J.:

The motion for reargument is predicated upon the supposition that the court, in deciding the appeal (199 App. Div. 534), overlooked or misapprehended the force and effect of *Mack* v. *Latta* (178 N. Y. 525) and *Lehman-Charley* v. *Bartlett* (135 App. Div. 674; affd., 202 N. Y. 524)..

The court did not overlook those cases, which were cited on the briefs; nor did the court misapprehend their force and effect. Those actions were in equity against the principal for a rescission of the purchase of and subscription for stock of a corporation, respectively, on the ground of fraud, as against the corporation, and to recover back the amount paid in reliance upon false and fraudulent representations made by directors of the corporation, and such directors were made parties defendant on the theory " that a director who knowingly issues or sanctions the circulation of a false prospectus containing untrue statements of material facts, the natural tendency of which is to deceive and mislead the community and induce the public to purchase the stock, is responsible to those who are injured thereby." (*Lehman-Charley* v. *Bartlett, supra,* 683.)

In *Mack* v. *Latta* (*supra,* 529) the court said: " So if plaintiff had brought this action against the corporation alone and obtained

a judgment cancelling the contract and awarding him the $100,000 advanced, with interest, *and he should have failed to collect from the corporation* by reason of its lack of assets, he could undoubtedly have collected the balance unpaid in an action at law against the officers whose fraudulent representations had induced the contract. That being so, it is clear that a multiplicity of actions would be avoided and a greater certainty of collection would result in an action such as this, where all the parties being before the court — those guilty of the fraud as well as the direct beneficiary of the fraud — the court could * * * cancel the subscription and give plaintiff judgment against all the defendants for the amount paid, *directing collection so far as possible out of the corporation the balance, if any, to be collected from the individual defendants."* (Italicization is mine.)

From these citations it clearly appears that while, in a suit in equity for a rescission against the principal, a cause of action for damages against the agent who made the false and fraudulent representation, may be united in the same complaint, separate actions cannot be maintained at the same time, one against the principal for rescission, and the other against the agent for damages, the reason being that the plaintiff in the action for rescission, if successful, would get back all he had paid, and hence would have a claim for damages, only if he failed wholly or partly to recover all he had paid out, with interest. One of the fundamental distinctions between a suit in equity and an action at law is that in the former relief is given upon the facts as they exist on the date of the decree, while in an action at law the judgment deals with the facts as they existed at the commencement of the action. Hence, until the fact that the plaintiff had suffered damage was demonstrated by the result of the equity suit, no action at law could be maintained for damages. This was the extent of our holding. Inasmuch as the plaintiffs had elected to bring a suit in Florida against the principal for a rescission of the contract for purchase of the lands, they were estopped from maintaining at the same time an action in New York against the agents for the full amount paid on said contract as damages. This also sufficiently explains our reason for dismissing the complaint, instead of granting the plaintiffs leave to amend, as the eminent counsel asks us to do, as alternative relief.

It may be that our former opinion was not clear, for the learned counsel has certainly misinterpreted the meaning of the sentences " The person defrauded must elect between these remedies. They are inconsistent and all cannot be pursued at the same time, much less all united in one complaint."

The action was against the agents alone.  The complaint was a prolix statement of facts that evidently was intended to cover all the causes of act on that a defrauded party would have under the case of *Vail* v. *Reynolds* (118 N. Y. 297), but which did not state facts sufficient to support any one.  Counsel maintained, on the argument, that he had a right to thus state his grievance, and that the court would give him the relief to which he would be entitled, if he proved any of the causes of action.  In disposing of that contention, we used the sentences above quoted.  It is not obvious to us how those sentences conflict with *Mack* v. *Latta* (*supra*) or introduce any uncertainty in the law.

The motion for a reargument or for leave to appeal to the Court of Appeals should, therefore, be denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Motion denied, with ten dollars costs.