The Continental Insurance Company and Another, Plaintiffs, *v.* The Equitable Trust Company of New York, Defendant.

Supreme Court, New York County, March 18, 1926.

Parties — action to recover purchase price of bonds following rescission of contract on ground of fraud — motion to join officer of issuing corporation as party defendant denied.

In an action to recover the amount paid for corporate bonds following a rescission of the contract of sale by the purchaser on the ground of fraudulent representations made by the defendant, a motion by the plaintiffs to bring in as a party defendant an officer of the issuing corporation on the ground that he is directly responsible for the fraudulent representations, must be denied in the absence of a showing that the defendant is not able to pay any judgment recovered by the plaintiffs. Furthermore, the plaintiffs have given no adequate excuse for their failure to join said officer originally as a party.

Motion by plaintiffs to join as an additional party defendant one Mercadante.

*M. E. Harby,* for the plaintiffs.

*Murray, Aldrich & Roberts.* [*William Dean Embree* and *Otey McClellan* of counsel], for the defendant.

*Bigham, Englar & Jones* [*Henry J. Bigham* and *Charles F. Quantrell* of counsel], for Mercadante specially.

Proskauer, J. The nature of the cause of action is described in the opinion filed by me herein this day in Special Term, Part VI (127 Misc. 45). The action is for rescission, not for damages.

The two cases in which a defendant has been held liable in an action for rescission, even though he did not receive the purchase price, are *Mack* v. *Latta* (178 N. Y. 525) and *Lehman-Charley* v. *Bartlett* (135 App. Div. 674; affd., 202 N. Y. 524). In each case recovery against such defendant was allowed on the theory of

avoiding circuity of action, it being within the contemplation of the court that the defendant directly party to the transaction to be rescinded might not be able to respond to the judgment. Obviously no such situation exists here and nothing is stated in the moving papers which indicates the slightest possibility of the inability of the Equitable Trust Company to respond to a judgment.

Moreover, there is no adequate excuse for failure to join Mercadante originally as a party. The suggestion that he could not be served is tenuous, and even if it were well founded, furnishes no reason for not naming him as a party defendant.

There is imputation of direct moral fraud against Mercadante and there are representations alleged to have been made by the trust company on the other hand not imputable to Mercadante. From the point of view of the discretion of the court it seems to me it would be most unfair on a jury trial to subject the defendant trust company to the possibility of confusion by a jury of its own conduct with that of Mercadante. I do not believe it to be in the interest of justice to join Mercadante in this case.

For these reasons the motion is denied.

Order signed.