THE ALEXANDER CITY BANK, Respondent, *v.* THE EQUITABLE TRUST COMPANY OF NEW YORK, Appellant, Impleaded with JOSEPH MERCADANTE, Appellant.

First Department, March 2, 1928.

Corporations — bonds — action to rescind sale on ground of misrepresentations — bonds were purchased from corporation defendant — complaint alleges that misrepresentations were made by said defendant and also by individual defendant — individual defendant was president of corporation issuing bonds — entire issue was sold to corporation defendant — complaint alleges fraudulent representations by individual defendant — improper to join action for rescission with action based on fraudulent representations against individual defendant.

This is an action to rescind the sale of corporate bonds by the corporation defendant to the plaintiff. The complaint alleges that the sale was induced by certain false representations made by the corporation defendant which representations were based upon fraudulent representations made by the individual defendant to the corporation defendant. The complaint also alleges that the individual defendant was the president of the corporation which issued the bonds; that he induced the corporation defendant to purchase the entire issue for the purpose of resale and that on resale part of the profit was paid to the individual defendant under an agreement between him and the corporation defendant.

It was improper to join the individual defendant in this action to rescind the sale, especially in view of the fact that there is no allegation that the corporation defendant cannot pay any judgment recovered. There is no multiplicity of suits to be avoided by joining the two parties.

The mere fact that the individual defendant may have received a part of the proceeds of the sale of the bonds does not authorize joining him as a defendant, for the entire transaction was between the plaintiff and the corporation defendant and the consideration for the bonds was paid to the corporation defendant who is liable solely upon a rescission of the contract.

APPEAL by the defendant, Joseph Mercadante, from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 29th day of August, 1927.

Appeal by the defendant, The Equitable Trust Company of New York, from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 29th day of August, 1927.

*Charles F. Quantrell* of counsel [*D. Roger Englar* and *P. J. Kooiman* with him on the brief; *Bigham, Englar & Jones*, attorneys], for the appellant Joseph Mercadante.

*William Dean Embree* of counsel [*Otey McClellan* and *Arthur John Keeffe* with him on the brief; *Murray, Aldrich & Roberts*, attorneys], for the appellant The Equitable Trust Company of New York.

*M. E. Harby,* for the respondent.

McAVOY, J.   An order was made at Special Term which denied the motion of the defendant The Equitable Trust Company of New York to dismiss the complaint for misjoinder of inconsistent causes of action, or in the alternative to strike out the allegations concerning the defendant Mercadante.   The defendant Mercadante appeals from an order denying his motion to dismiss the complaint as to him on the ground that it does not state facts sufficient to constitute a cause of action against him.

The court at Special Term considered that it was bound by the case of *Mack* v. *Latta* (178 N. Y. 525) in which cause the purpose of the joinder was to get a deficiency judgment against certain individuals for such an amount as a corporate defendant could not pay.   Here the corporate defendant is not alleged to be unable to pay the claim or to be imminently likely to fail to respond to the judgment if rendered against it.   No jury trial was involved in the quoted cause.   A plain law action is the basis here of plaintiff's proposal for relief.

The defendant The Equitable Trust Company of New York sold to plaintiff $5,000 in amount of bonds of the Green Star Steamship Corporation.   The purchase price was $4,970.   Plaintiff received the bonds and asserts that the purchase was induced by a circular issued by the Equitable Trust Company, and that it knew that the facts in that circular or prospectus were false.   In 1927 the plaintiff alleges it was advised of the falsity of the representations, and that there was written evidence on file with the United States Shipping Board as to their falsity.   Meanwhile plaintiff had exchanged its bonds for thirty-five shares of stock in a new corporation, the Green Star Steamship Corporation having defaulted in 1921, and a receivership and reorganization resulted.

In May, 1927, the plaintiff bank tendered to the trust company the total amount which it had up to that time received on account of its bonds and stocks, including all the interest and dividends and the thirty-five shares of stock that it had received through the reorganization and demanded back the whole purchase price. The trust company refused to accept the tender or comply with the demand.   Likewise tender was made to Mercadante who also refused to pay the purchase price.   Judgment is asked in this suit both against Mercadante and the trust company for the purchase price of $4,970 with interest.   As to Mercadante, the complaint sets forth that he was president of the Green Star Steamship Corporation which issued the bonds in question; that he induced the trust company to enter into a contract with the Green Star Steamship Corporation whereby they purchased its issue of $4,500,000 of bonds; that thereafter the trust company determined to resell the

bonds at a profit; that Mercadante assisted it in selling the amount of the bonds which were sold at a profit to the trust company; that Mercadante received part of the profit and that the bond circular contained statements prepared by the trust company and a letter prepared by Mercadante or prepared for him. He signed this letter as president, and stated in it that it was furnished to the trust company in connection with their purchase of the $4,500,000 of the Green Star bonds; that the circular was issued to induce people to buy the bonds from the trust company, thereby obtaining a profit for the trust company and Mercadante; that its issue was authorized both by the trust company and Mercadante; that the plaintiff paid for its bonds; and that the money became mingled with other moneys received by the trust company from the sale of similar bonds and part thereof was paid to Mercadante; that Mercadante caused his letter to be distributed for the purpose of inducing the plaintiff and others to accept the representations as true and thereupon to act to its and their prejudice, and to purchase these bonds of the Green Star Company in order that Mercadante and the Green Star Company might profit therefrom. The reason that Mercadante received any part of the money, or under what agreement, or whether he got it himself or for account of the Green Star Company is not alleged.

As to the statements of the letter it is alleged that they concern matters susceptible of actual knowledge; that they were made as of Mercadante's own knowledge, as though they were true as to his own knowledge. This is followed by an allegation that Mercadante did not know them to be true. It is further set out that at the time of the issuance of the bond circular the Green Star Company intended to acquire other ships and incur more obligations, largely in excess of the bond issue; that nothing about this was mentioned in the circular; that Mercadante falsely and fraudulently, with knowledge of these contemplated liabilities, failed to inform and intentionally refrained from informing plaintiff and others of this plan, so that it might be withheld from them, which if they did know, would or might have caused them not to purchase the bonds.

As to the trust company, it is said that its statements regarding the Green Star Company were made as information received from the Green Star Company, and not of its own knowledge. It is not alleged that the trust company intentionally or fraudulently withheld any information from the plaintiff. Nor is it said that the trust company acted fraudulently or with intent to deceive. At the time of the default the trust company is alleged to have been the largest bondholder.

Plaintiff then sets out that it has lost and has been damaged in the amount paid for the bonds.

The case on which the learned court below relied (*Mack* v. *Latta, supra*) said, so far as here pertinent: "An action in equity to rescind a subscription for corporate stock, to perpetually enjoin the assertion of the validity of the agreement and the bringing or maintaining any action, legal or equitable, based thereon, upon the ground that it was obtained by fraud, is properly brought, not only against the corporation, but also against individual officers of the corporation by whose alleged false representations the subscription was induced."

The grounds of that decision were that a multiplicity of actions would be avoided, and a greater certainty of collection would result since the court could give plaintiff judgment against all the defendants for the amount paid, directing collection so far as possible out of the corporation, the balance, if any, to be collected from the individual defendants.

These reasons have no application to the present case. There is no suggestion here that the Equitable Trust Company could not pay any judgment here recoverable for lack of assets, but whether Mercadante is able to pay $1,200 or not does not appear. Mercadante is not an officer of the trust company and could not influence that corporation's payment of the judgment. Nor is there any multiplicity of suits to be avoided.

The complaint contains allegations which, if true, would make Mercadante liable for fraud. There is no allegation in the complaint that the trust company is guilty of fraud, the suit being based in rescission against the trust company on the ground of misrepresentation, possibly innocent.

All money sought to be recovered in this action was paid to the trust company by the plaintiff. No money was paid to Mercadante or came to him directly, as it came through the trust company as is alleged, and then to him. The amount received by Mercadante was a part of the money paid by plaintiff to the trust company. Plaintiff suing for rescission of the contract and upon the implied agreement to restore that which has been taken from it, is bound to look to the one to whom it paid the money. The money paid by plaintiff to the trust company was not paid for or on behalf of Mercadante. It was paid on the contract between plaintiff and the trust company and as part of the purchase money of the bonds. There was no contract between plaintiff and Mercadante. What became of the money is of no importance to the plaintiff from the standpoint of getting his judgment. It is apparent that the trust company having received the purchase price, is liable for the refund,

if the facts alleged are true, regardless of what it did with the money after its receipt. The fact that the agents kept part of the money paid by the plaintiff for the bonds would, if true, be because of the contract with their principal by which Mercadante was to receive a certain part of the profits. From a legal standpoint the principal received all the consideration paid by the purchaser. In rescinding a contract and enforcing rights growing out of such rescission, one may only look to the other party to the contract.

There being no cause of action in which Mercadante was properly joined with the trust company, the motion to strike out the allegations concerning the defendant Mercadante should have been granted, and the order should, therefore, be reversed, with ten dollars costs and disbursements on the appeal of the Equitable Trust Company of New York and the motion to that extent granted, with ten dollars costs. On the appeal of the defendant Joseph Mercadante, since no cause is properly joined against him, as he is not a party to the contract of which rescission is sought, the order should be reversed as to him, with ten dollars costs and disbursements, and the complaint dismissed as to said defendant for failure to state facts sufficient to constitute a cause of action against him, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

On first appeal: Order reversed, with ten dollars costs and disbursements, and motion granted so far as to dismiss the complaint as to the defendant Joseph Mercadante, with ten dollars costs.

On second appeal: Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, so far as to strike out the allegations in the complaint concerning the defendant Joseph Mercadante.