NELVAN CONSTRUCTION CORPORATION, Respondent, *v.* SANKA REALTY CORPORATION and Others, Appellants.

First Department, November 1, 1929.

*Harold R. Medina* of counsel [*Bernard Trencher* and *William Gilbert* with him on the brief; *Kadel, Van Kirk, Trencher & Villamena*, attorneys], for the appellants.

*Alex B. Greenberg*, for the respondent.

O'MALLEY, J. The plaintiff made a contract with the corporate defendant to purchase a parcel of real estate. The defendant Silver was an officer of the corporation and the defendant Reynolds acted as broker. The contract provided for a purchase price of $217,500, of which sum $12,500 was paid upon the signing of the contract, the balance to be part in cash and by way of mortgages upon taking title.

Plaintiff's complaint is open to a two-fold interpretation: (1) An action brought upon a rescinded contract to recover the down payment; and (2) an action for damages for fraud and deceit. The fraud was based, among other things, upon alleged misrepresentation as to rental value made by the defendants Reynolds and Silver, individually, and by the latter also as an officer of the corporate defendant. The case was submitted to the jury upon the theory of fraud and deceit, and not as one brought upon a rescinded contract.

Assuming, without holding, that the plaintiff established *prima facie* an action for fraud and deceit against all of the defendants, the judgment in its favor must be reversed and a new trial ordered because of prejudicial errors.

Whether the essential elements of plaintiff's cause of action were established was a question for the jury. At the close of the case counsel for the defendants requested in substance that the jury be so charged. It was a proper request and should have been granted. The trial justice, however, instead of complying, charged in so many words that all elements of the action had been proven. That such was the effect of the charge is practically conceded by respondent's counsel, but he urges affirmance upon the ground that the error was harmless. With this, we cannot agree.

Other serious error relates to the measure of damages. Clearly plaintiff's action proceeded finally upon the theory of fraud and deceit and not upon the theory of a rescinded contract. In such circumstances the damages to be recovered were the difference between the contract price and the market value of the property at the time of the sale. (*Reno* v. *Bull*, 226 N. Y. 546.) Here, however, no proof of damage whatever was offered except the amount represented by the down payment which the trial justice and plaintiff's counsel seem to have regarded as a proper measure in the circumstances. Such would have been the measure of damages had the plaintiff proceeded upon the theory of rescission, but in such case only the defendant who received such sum would be liable. (*Alexander City Bank* v. *Equitable Trust Co.*, 223 App. Div. 24.) Here the judgment based upon the amount of down payment is against all of the defendants, two of whom are not shown to have received any part thereof.

It is to be noted that we are not here concerned with any possible remedies the plaintiff might have had in equity, such as was presented in *Mack* v. *Latta* (178 N. Y. 525), relied upon by respondent. Nor do we feel that the doctrine of *Reno* v. *Bull* (*supra*) may be disregarded merely because this case relates to an incomplete, rather than an executed, contract of sale.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

DOWLING, P. J., MERRELL and PROSKAUER, JJ., concur; MARTIN, J., concurs in result.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.