HAROLD L. LOUD, Respondent, *v.* WALTER CLIFFORD, Appellant, Impleaded with Others.

AUGUST B. LOUD, Respondent, *v.* WALTER CLIFFORD, Appellant, Impleaded with Others.

(Argued June 11, 1930; decided July 8, 1930.)

*Neil P. Cullom* and *James E. Freehill* for appellant. The conclusion of law of the trial court dismissing the complaint against the appellant was correct and should,

therefore, be reinstated. (*Ritzwoller* v. *Lurie*, 225 N. Y. 464; *Taylor* v. *Markus*, 224 App. Div. 865; *Hill* v. *International Products Co.*, 220 N. Y. Supp. 711.)

*Ralph Royall* and *James G. Holland* for respondents. It is proper in an equitable suit for rescission for the court to award a personal judgment against the individual responsible for making the false representations. (*Mack* v. *Latta*, 178 N. Y. 525; *Bosley* v. *National Machine Co.*, 123 N. Y. 550; *Lehman-Charley* v. *Bartlett*, 135 App. Div. 674; 202 N. Y. 524; *Ressler* v. *Samphimor Holding Corp.*, 201 App. Div. 344; *Levan* v. *American Safety Table Co.*, 222 App. Div. 110; *Cawthra* v. *Stewart*, 59 Misc. Rep. 38; *Wendt* v. *Fisher*, 243 N. Y. 439; *Byrnes* v. *Owen*, 243 N. Y. 211; *Copeland* v. *Hugo*, 221 App. Div. 779; *Continental Ins. Co.* v. *Equitable Trust Co.*, 127 Misc. Rep. 50; *Alexander City Bank* v. *Equitable Trust Co.*, 223 App. Div. 24; *Clark* v. *Kirby*, 243 N. Y. 295; *Keskal* v. *Modrakowski*, 249 N. Y. 406; *Lightfoot* v. *Davis*, 198 N. Y. 261.)

*Per Curiam.* This is an action to rescind a purchase of corporate stock upon the ground that the sale was brought about by fraud on the part of the defendant corporation and the individual defendant who was the promoter, president and principal stockholder thereof. It is contended that the judgment against the individual defendant cannot be sustained.

Appellant relies upon a statement contained in the opinion in the case of *Ritzwoller* v. *Lurie* (225 N. Y. 464), which it is urged overruled by implication the decision in the case of *Mack* v. *Latta* (178 N. Y. 525).

The opinion in the *Mack* case was concurred in by all but one of the members of the court. It was a carefully considered opinion and deliberately established the principle in this State that individual officers of a corporation may be joined in an equity action to rescind the purchase of corporate stock induced by the fraud of the corporation and such officers, and to recover the amount paid there-

for. It has been repeatedly cited and followed by this court and other courts of the State.

It was not intended in the decision of the *Ritzwoller* case to overrule it and in so far as the opinion in that case may be so construed it is disapproved. The case of *Mack* v. *Latta* is still the law of the State.

The judgment in each action should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgments affirmed.