NAT KAUFMAN, Appellant, *v.* LOUIS J. JAFFEE and Others, Respondents, Impleaded with MAURICE M. ROSENBERG, Defendant.

First Department, May 3, 1935.

*I. Maurice Wormser* of counsel [*Edward C. Weinrib* and *Arnold Schlossberg* with him on the brief; *Shaine & Weinrib*, attorneys], for the appellant.

*Alfred M. Bailey* of counsel [*Lloyd B. Kanter* and *Leonard Ring* with him on the brief; *Lewis, Marks & Kanter*, attorneys for Louis J. Jaffee and Wilton Jaffee; *Clark & Davis*, attorneys for Jaffee-Cohen & Lang, Inc.; and *Drechsler & Leff*, attorneys for Charles D. Jaffee], for the respondents.

O'MALLEY, J.   We are of opinion that the trial justice in acceding to a request to charge made by the defendants committed reversible error.

Plaintiff sued upon a rescinded contract to recover from the corporate defendant the value of property transferred to it pursuant to the contract.   He joined the individual defendants on the theory that by their representations he was induced to make the contract. Such joinder was proper.   (*Mack* v. *Latta*, 178 N. Y. 525.)

The substance of the alleged misrepresentations relied upon by the plaintiff were to the effect that for a designated three-year period the earnings of the corporate defendant's predecessor had been a certain amount, whereas in fact they had been far less.

Upon plaintiff's theory, particularly with respect to the corporate defendant, he was not required to prove actual damage in the sense of financial loss, but only legal injury.   (*Harlow* v. *LaBrum*, 151 N. Y. 278; *Downey* v. *Mallinson*, 232 App. Div. 703; *Commercial Credit Corp.* v. *Third & Lafayette Sts. Garage, Inc.*, 226 id. 235; *Mack* v. *Latta*, 83 id. 242; 1 Page Cont. § 368; 3 Williston Cont. § 1500; Restatement of Law of Contracts, vol. 2, chap. 15, § 476.)

In the main charge the trial justice instructed the jury in conformity with the law laid down in the authorities cited.   After the conclusion of the charge, however, and shortly before the case was finally submitted to the jury, counsel for the defendants made the following request which was charged by the court and to which exception was duly taken: " I respectfully ask your Honor to charge the jury that if they find from the evidence in this case that the stock interest in L. J. & C. D. Jaffee, Incorporated, which the Kaufman & Rosenberg Company acquired upon the transfer of the partnership property to L. J. & C. D. Jaffee, Incorporated, was worth the value of the property transferred, then the plaintiff has not been damaged, and there must be a verdict for the defendants."

We are of opinion that this charge constituted material error

requiring a reversal of the judgment and the granting of a new trial. Not only was it contrary to the law, but under the peculiar circumstances of this case its effect was to charge the plaintiff out of court, since the stock interest received by him was in all probability worth the value of the property transferred. However, plaintiff's claim was not predicated upon a grievance of this sort. It was based upon the fact that the earnings of the predecessor of the corporation of which the defendant corporation was the successor, were not as represented.

We may not speculate as to what effect this "last minute" charge had upon the jury, but we deem it of sufficient gravity to require a reversal. (*Clarke* v. *Schmidt*, 210 N. Y. 211, 215; *People* v. *Wilcox*, 245 id. 404; *Valenti* v. *Mesinger*, 175 App. Div. 398.)

It follows, therefore, that the judgment appealed from dismissing the complaint as to defendant Wilton Jaffee should be affirmed, and in other respects reversed, the action severed and a new trial ordered as to the corporate defendant and the individual defendants Louis J. Jaffee and Charles D. Jaffee, with costs to the appellant to abide the event.

MARTIN, P. J., MERRELL, McAVOY and UNTERMYER, JJ., concur.

Judgment in so far as it dismisses the complaint as to the defendant Wilton Jaffee affirmed. Judgment with respect to the defendants Jaffee-Cohen & Lang, Inc., Louis J. Jaffee and Charles D. Jaffee reversed, the action severed, and a new trial ordered as to said defendants, with costs to the appellant to abide the event.