MATTEO KAPLAN and Another, Doing Business, etc., Appellants, *v.* GIRARD FIRE AND MARINE INSURANCE COMPANY and Others, Respondents.

Supreme Court, Appellate Term, First Department, July 3, 1935.

A. *Louis Cresman* [*Leo Levy* of counsel], for the appellants.

*Powers, Kaplan & Berger* [*Abraham Kaplan* of counsel], for the respondents.

PER CURIAM. There is no merit in the claim of lack of jurisdiction. Assuming the defense of rescission is an equitable one it is not necessary for a party relying upon such a defense to plead or establish a counterclaim for equitable relief or bring an action in equity for such relief. (*Susquehanna S. S. Co.* v. *Andersen & Co.*, 239

N. Y. 285.) The City Court had jurisdiction to entertain such a defense; and the Appellate Division has decided that the defenses are sufficient. (*Kaplan* v. *Girard Fire & Marine Ins. Co.*, 238 App. Div. 577.)

The trial judge erred, however, in excluding proof of the circumstances under which credit allowances are made on merchandise destroyed or damaged by the fire. Such proof might affect the issue of the alleged falsity of the statements as to cost of the property. That there are credit memoranda describing merchandise upon which allowances were made and the amount thereof does not exclude evidence to show how the allowances were arrived at, and the parol evidence rule has no application.

With regard to appellant's contention that it was error to exclude evidence of the market value of the property, the cost of an article is evidence of its value, and ordinarily a misrepresentation such as appears to have been relied upon here would, as between vendor and vendee, afford the basis for rescission, for one seeking to avoid a contract on the ground of misrepresentation is "not required to prove actual damage in the sense of financial loss, but only legal injury." (*Kaufman* v. *Jaffee*, 244 App. Div. 344.) But the relation of the parties here was not simply that of vendor and vendee. Defendants under the policies were obligated to pay plaintiffs the value of the property destroyed, and if, as is apparently claimed, the value at the time of the fire was equal to or in excess of the cost price as indicated on the bills exhibited to the defendants, it would be for the jury to determine whether the alleged misrepresentations as to cost warranted the rescission of the agreement of settlement by the parties.

Judgment and order reversed and a new trial ordered, with costs to appellants to abide the event.

SHIENTAG and FRANKENTHALER, JJ., concur; CALLAHAN, J., concurs in result.