■ LEONARD SPRINGMAN, Appellant, v. RICHARD E. GIBBS et al., Respondents.— In an action, in which the complaint alleges that through fraudulent representations by the individual defendants, who were the officers, directors and owners of all of the corporate defendant's outstanding capital stock, plaintiff was induced to purchase 50% of such stock for the sum of $45,000, of which $25,000 was paid and $20,000 was to be paid in the future; and in which judgment is sought: (a) for $25,000, with interest; (b) requiring the defendants to surrender any writings wherein plaintiff obligated himself to pay the corporate defendant $20,000 on or before a specified date in the future, and declaring such writings to be void and of no effect; and (c) for other and further relief, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County, dated May 22, 1963, as denied his motion, pursuant to rule 109 of the Rules of Civil Practice, to strike out for insufficiency in law the second affirmative defense contained in the joint amended answer of all the defendants but asserted on behalf of the individual defendants only. Order, insofar as appealed from, reversed, with $10 costs and disbursements, and plaintiff's motion to strike out the second affirmative defense granted. In our opinion the defense pleaded, to the effect that in making the misrepresentations upon which plaintiff's action is based, the individual defendants acted as agents of the corporate defendant, is insufficient in law (cf. *Mack* v. *Latta*, 178 N. Y. 525; *Loud* v. *Clifford*, 254 N. Y. 216; *African Metals Corp.* v. *Teeter*, 262 App. Div. 698, revd. on other grounds *sub nom. African Metals Corp.* v. *Bullowa*, 288 N. Y. 78; 2 N. Y. Jur., Agency, § 290). Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ SARA YOUNG et al., Respondents, v. SOVAH REALTY CORPORATION, Defendant; and ROYAL ELEVATOR COMPANY, INC., Appellant.— In a negligence action to recover damages for personal injuries, defendant Royal Elevator Company, Inc., appeals from an order of the Supreme Court, Kings County, dated June 20, 1962, which granted plaintiffs' motion to vacate said defendant's notice to take a physical medical examination of the plaintiff, Sara Young, and required plaintiffs to serve copies of all medical reports of physicians who will testify upon their behalf. Order affirmed, with $10 costs and disbursements (see *Juett* v. *Paesani*, 19 A D 2d 726). Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.