# Fishman *v.* Berger, Appellant.

*Vendor and vendee—Contract—Principal and agent—Statute of frauds—Real estate.*

Where a real estate agent accepts hand money for a sale of real estate and gives a receipt which shows on its face that he had no authority to contract for the owner, and subsequently tenders an agreement signed by the owner, but which the proposed purchaser

refused to sign because it differed from the understanding which he had with the agent, the latter will be compelled to repay the hand money which he received.

Argued Oct. 14, 1915.   Appeal, No. 83, Oct. T., 1915, by defendant, from judgment of C. P. No. 5, Philadelphia Co., Sept. T., 1915, by No. 2375, on verdict for plaintiff in case of Hyman Fishman v. Max Berger, trading as M. Berger & Co.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover hand money paid on account of an alleged agreement to sell real estate.

At the trial it appeared that the owner of a stable placed it in the hands of the defendant as agent to effect a sale.   Plaintiff made an offer of $4,200.00 for the property, and deposited $100.00 with defendant who gave the following receipt:

"Philadelphia, Sept. 13, 1913.

"Received from H. Fishman One hundred xx/100 Dollars Dep. on Stable at 930 and 932 N. 4th St. Due Dep. to be returned by us if Owner does not accept the price.
"$100.00.                           M. Berger & Co. Agents.
"9, 13, 13.

"It is agreed that the price is to be $4,200.00 subject to the ground rent $700.00 Cash subj. to Mortgages.   Position at settlement Purchaser to pay for Com., etc.

"M. Berger & Co. Agts."

Defendant subsequently informed plaintiff that his offer had been accepted, and delivered to him for signature a written contract of sale signed by the owner, containing a clause—"that the said party of the second part agrees to pay for the said property the sum of $4,200.00 as follows: $100.00 on the signing of this agreement (which deposit shall be forfeited to the said party of the first part as liquidated damages in case of default by the said party of the second part in the performance of

the terms of this agreement) and the balance of the pur-
chase-money as follows: $600.00 cash subject to a yearly
ground rent of $110.00 and a Bldg. & Loan Assn. Mtg.
of $3,000.00 now on said property to be paid at the time
of settlement." It was also stipulated in this paper that
the "purchaser is only to invest $700.00 cash and the
Bal. is to be taken back by 3d Mortg. for five years at
the rate of 6%."

Plaintiff declined to sign this agreement, or to accept
the property on the terms which it proposed, and de-
manded a return of his deposit, which defendant refused
to surrender.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $100.00. De-
fendant appealed.

*Error assigned* was in giving binding instructions for
plaintiff.

*Albert L. Moise,* with him *Paul C. Hamlin and A. J.
& L. J. Bamberger,* for appellant.—The statute of frauds
is not applicable: Hathaway v. Hoge, 1 Sadler (Pa.)
119.

Even under the statute the grantor's signature was
sufficient: Tripp v. Bishop, 56 Pa. 424.

No printed brief for appellee.

OPINION BY HENDERSON, J., March 1, 1916:

It cannot be seriously contended that the receipt giv-
en by the defendant to the plaintiff was in any sense a
contract for the sale of the land about which they were
negotiating. The defendant had no authority to con-
tract for the owner and did not undertake so to do. This
appears from the terms of the receipt as well as from its
legal effect. It is also clear that no definite oral arrange-
ment was made between the plaintiff and the defendant.
The defendant himself testified: "I gave him a receipt

and it was understood he was to invest $700.00 in cash and I was to arrange $3,500.00 by mortgages. It was never discussed as to how much and how." The plaintiff did not see the owner of the land. She only appeared in the transaction when the defendant presented a contract in writing for the sale of the land, signed by her. Granting that it is sufficient if the vendor signed the agreement it is shown by the defendant's own evidence that the plaintiff refused to accept the contract. There is no pretense that the minds of the plaintiff and the owner of the property met on the terms expressed in the contract presented to the plaintiff for his approval. The plaintiff had never agreed to accept the contract offered him and was in no way bound to take the land. The defendant's own evidence shows that there never had been any definite arrangement as to the terms under which the deferred payments were to be secured as to time of payment, etc., and there was not, therefore, at any time a completed agreement either oral or written to which the plaintiff was a party. He claimed that his verbal offer was to buy for $4,200.00, subject to $3,500.00 of prior encumbrances, the balance to be paid by him in cash. He was not willing to bind himself personally for the encumbrances. The defendant's version of the transaction is contradictory of the plaintiff to the extent that nothing was said as to the number of mortgages to be placed on the property. But this version leaves the whole subject of the character of the security for the deferred payments and the time of payment in the air. The learned counsel for the appellant suggests in his argument that "It is probable that if plaintiff had objected to the terms of the formal written agreement defendant would have agreed to modify said terms," but we can only deal with the transaction as it occurred. The plaintiff had not agreed to the definite terms of any contract and that tendered he refused to accept because it was not in accord with his offer. There was no question to submit to the jury on the uncontradicted evidence in the case, no

contract existed which bound the plaintiff for the purchase of the land, nor was there any evidence which amounted to a legal denial of his right to recover in this action the deposit which he had given to the defendant.

The judgment is affirmed.