## Lucas v. Bode and Heinz, Appellants.

Argued April 20, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Ralph C. Davis,* for appellants.—A broker is not liable for the return of hand money paid to him for his principal on the signing of a written agreement for the sale of real estate: Lorenz Kurzawski v. Arnold Schneider, 179 Pa. 500; Gable v. Crane, 24 Pa. Superior Ct. 56.

*Alvord B. Churchhill,* and with him *Burgwin, Scully & Burgwin,* for appellee.—A broker whose principal repudiates a contract for the sale of real estate is liable on his own agreement to repay money advanced by the purchaser, in the event that the principal fails to complete the contract: Fishman v. Berger, 62 Pa. Superior Ct. 86; Martin v. Allen, 125 Mo. App. 636.

PER CURIAM, July 12, 1928:

The defendants are real estate brokers and had in their hands as agents for one Compolo a property in the City of Pittsburgh. They had caused the attention of the plaintiff to be directed to the property, had shown it to her and her son and she had orally agreed to pay for the property which she had thus examined the price named by the defendants. The defendants, shortly afterwards, prepared a written agreement for the sale of the property by Compolo to the plaintiff, which agreement described the property in detail and provided for the payment of the purchase money of "ten thousand eight hundred ($10,800.00) dollars in manner as follows: One thousand ($1,000.00) dollars upon the signing of this agreement, receipt whereof

is hereby acknowledged, and the balance nine thousand eight hundred ($9,800.00) dollars upon the delivery of the deed duly executed.'' The plaintiff went to the office of the defendants, on May 16, 1924, the day agreed upon for the execution of the written agreement, but Compolo, the owner of the property, was not there and plaintiff at first objected to signing the agreement and making the advance payment of one thousand dollars in the absence of Compolo and without his having signed the agreement. These facts are undisputed. The conflict in the evidence at the trial of the case was as to what occurred at that time between the plaintiff and the defendants.

The plaintiff and John Lucas, her son, who was there for the purpose of assisting her during the negotiations, testified that there was discussion between the parties as to whether the plaintiff should, in the abscence of the owner of the property, sign the agreement and complete the advance payment of one thousand dollars and that Bode, who was acting for the partnership, was asked if he, Bode, would return the money to the plaintiff if the owner did not sign the agreement and Bode answered yes, and added, ''If it would come to that, he would have to sue the owner for the loss of his sale.'' They testified that after Mr. Bode made this promise the plaintiff signed the written agreement and completed the payment to Bode of the one thousand dollars hand money. Bode and Heinz, who were both present at the time, testified that no such agreement was made by them, that, on the contrary, what they said was that in case the deal did not go through, Compolo would have to return the money to the plaintiff. The jury found in favor of the plaintiff, which must be accepted as determining that the defendants agreed that in case Compolo did not sign the agreement, which the plaintiff then signed, and upon the faith of it paid the one thousand, they, the defendants, would return the money to the plain-

tiff. There was nothing in this oral agreement which varied or modified the terms of the written agreement which the plaintiff signed, for Compolo was, under the terms of that written agreement, not entitled to receive the one thousand dollars until he had signed "this agreement." Compolo never did sign the agreement. He absolutely refused to execute that contract, but did execute a written agreement which attempted to vary the description of the property involved and subjected the lot to a right of way in favor of some other property. This was not an acceptance of the agreement which the plaintiff had signed. An acceptance must in every respect meet and correspond with the offer, neither falling within or going beyond the terms proposed, but exactly meeting them at all points and closing with them just as they stand: Henry v. Black, 213 Pa. 620.

A broker negotiating a sale is generally not liable, upon his principal's refusal to complete the contract, to the purchaser for a return of a part of the purchase price paid and which the broker has turned over to his principal. When the broker enters into a contract with the purchaser and assumes the duty to return the money to the latter, upon failure of his principal to comply with the contract, there is no principle of law which prohibits such an undertaking: Kurzawski v. Schneider, 179 Pa. 500; Fishman v. Berger, 62 Pa. Superior Ct. 86. The court did not err in refusing to affirm defendants' point for binding instructions, nor in overruling the motion for judgment in their favor non obstante veredicto. The refusal of a new trial did not involve an abuse of discretion. The fourth assignment of error is not supported by an exception taken in the court below and the other assignments are without merit and do not require consideration.

The judgment is affirmed.