Bode & Heinz *v.* Campolo, Appellant.

Argued April 28, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Franklin A. Ammon,* for appellant.

*Ralph C. Davis,* for appellee.

OPINION BY KELLER, J., July 10, 1930:

This case is a sequel to the decision in Lucas v. Bode & Heinz, 94 Pa. Superior Ct. 248. The plaintiffs, who were defendants in that case, were required to pay back to Mrs. Lucas an advance payment of $1,000 which she had made to them as agents for Campolo, the defendant herein, under an oral contract, made when she signed the agreement for the purchase of Campolo's real estate, that they would pay it back to her unless Campolo executed and delivered the agreement. He never did, though he signed and tendered to her a different agreement containing a different description of the real estate and subjecting it to an easement not mentioned in the writing signed by her, which she refused to execute.

Of this $1,000 so received Bode & Heinz retained $324 for commissions and transmitted to Campolo the balance $676. When they were obliged to pay Mrs. Lucas the full $1,000 they demanded of Campolo the return of the portion of the advance payment received by him from them as his agents, and the additional sum of $338.42, being one-half of the expenses of defending the action brought by Mrs. Lucas, for which they alleged Campolo had orally agreed to be responsible. He refused to pay and they brought this action in the county court.

The trial judge instructed the jury that under the undisputed evidence the plaintiffs were entitled to a return of the advance money transmitted by them to their principal; and left to the jury to determine as a question of fact, whether the defendant had agreed

with the plaintiffs to pay one-half of the expenses of defending the Lucas action. They decided in plaintiffs' favor.

The court of common pleas refused to allow an appeal from the county court, holding that the instructions of the trial court were correct. We agree with that conclusion.

Campolo never made any legal contract with Mrs. Lucas for the sale of his real estate. He had no right to keep the advance payment or any part of it made by her under the terms of the agreement which he refused to sign. When his agents were required to pay Mrs. Lucas the full amount of the money so paid by her to them, as Campolo's agents, the law imposed on him the obligation to repay to them the money so transmitted to him by them in connection with the agreement signed by Mrs. Lucas. The averment in the statement of a promise on his part to repay the money was only a formal allegation of a duty imposed on him by law which he was obliged to perform. It is equivalent to the averment of a promise to pay which is pleaded when one buys goods on credit, or employs another to work for him, or has money in his possession belonging to another, or which in good conscience he is required to pay to another. Proof of the facts carries with it an implied promise to pay. This was the real burden of the appellant's complaint. We are not convinced that the trial court's instructions on this branch of the case injuriously affected the jury's decision on the question of fact submitted to them. We shall not discuss the assignments of error in detail, since none of them is in accordance with our rules. We have considered them all and they are overruled.

The order of the court of common pleas is affirmed.