Lorenz Kurzawski *v.* Arnold Schneider, Appellant.

*Principal and agent—Vendor and vendee—Rescission of contract.*

An agent who receives money paid on a contract for the purchase of
real estate made by his principal cannot be held liable in an action by the
purchaser to recover the money back on proof of facts which would
entitle the purchaser to rescind the contract.

M. agreed to sell her land to plaintiff, and defendant was employed to
reduce the contract to writing.   It was then arranged that plaintiff should
pay the purchase money in instalments to defendant for M., and that the
defendant was to see to the proper transfer of the title when the whole of
the price should have been paid.   Plaintiff subsequently claimed to rescind
the contract, and defendant offered to return the purchase money if M.
would agree.   *Held*, that the plaintiff had no right of action against the
defendant.

Argued Nov. 5, 1896.   Appeal, No. 127, Oct. T., 1896, by
defendant, from judgment of C. P. No. 2, Allegheny Co., July
Term, 1895, No. 124, on verdict for plaintiff.   Before STER-
RETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.
Reversed.

Assumpsit to recover back purchase money of real estate. Before WHITE, J.

At the trial it appeared that plaintiff on May 4, 1893, entered into a contract of writing with Mrs. Modzynski to buy the latter's land in Germany. Defendant, a real estate agent, drew the contract, and it was agreed that he should receive the purchase money which was to be paid in instalments, and pay it over to Mrs. Modzynski, and that after all the purchase money was paid he should see to the proper transfer of title to plaintiff. Plaintiff paid to defendant $1,020, when owing to delays he claimed to rescind the contract.

The court charged in part as follows:

[This is an action by the plaintiff, Kurzawski, against Mr. Schneider, to recover $1,020, which were paid to him at different times, on a verbal contract between the plaintiff and Mrs. Modzynski for the purchase of a piece of land in Prussia.] [2] It seems, from the testimony of Mr. Schneider, that these parties met at his office, in May, 1893, and entered into a verbal contract, by which Mrs. Modzynski agreed to sell to the plaintiff, Kurzawski, the land for two thousand three hundred thalers. There was a mortgage on the property to the amount of five hundred thalers, and he was to pay one thousand eight hundred thalers and take the property subject to the mortgage of five hundred thalers. He paid, I think, some $200 at that time, and at different times paid money, until he had paid to the defendant, Schneider, $1,020.

[It seems that there was a great deal of trouble in trying to make a title to the property. Mrs. Modzynski was the party selling the property, and yet she had not a title to the property.] [3] It turned out, finally, that the property had been conveyed to her and her husband, and he was dead; also, that there were minor children, and perhaps some children of age. Mr. Schneider sent on some papers to Germany—some powers of attorney that he speaks about—and he explains that the conveyance had to be made in court there; that the parties must appear in court, either personally or by attorney. There were also delays in consequence of not having a guardian for the minor children.

The thing ran on for two years, when the plaintiff here became dissatisfied with the delay, gave notice that he rescinded

the contract, and called upon Mr. Schneider to refund to him
the money he had paid.

[Now the contract being parol, not in writing, and not signed
by the parties, was not obligatory upon them.] We have a law
in this state—and it is an old law brought over from England,
to guard against frauds and perjuries—by which all contracts
for the sale of real estate must be in writing and signed by the
parties. We cannot enforce a parol contract for the purchase
of real estate. Sometimes there may be an action for damages,
under peculiar circumstances ; or if a party purchaser has gone
into possession and made valuable improvements, he may, in a
case of that kind, hold the vendor to the parol contract ; but
until something of that kind takes place, either party may
refuse to carry out that parol contract, and, until it is consum-
mated, either party may withdraw from it by giving notice to
the other side.

That was done by the plaintiff here, who gave a personal
notice to Mr. Schneider and brought an action, on April 18,
1895, to recover back the money that he had paid him.

After that, Mr. Schneider went on, by his proceedings in the
courts of Germany, as he says, and, by a paper which he pre-
sents here, he says, the title was conveyed September, 7, 1895.

I cannot understand that paper. You have heard it read.
I do not think it shows any conveyance of property by the
Modzynski heirs to the plaintiff. I cannot understand it at all
as a copy of any record of court, or of any proceedings that
would indicate an actual conveyance or transfer of the property
by the Modzynski to the plaintiff.

But even if it was, it came too late. The plaintiff having
given notice to rescind that contract in May last, the other
party, if he went on, went on at his own expense.

The defendant received this money as a kind of agent be-
tween the two parties, and he would not be bound to pay inter-
est on it until this suit was brought, when the demand was
made for the return of the money. According to his testimony,
the plaintiff was to pay only 1,800 thalers, and according to the
value of thaler coins in this country, a thaler is worth about
seventy cents, being three marks—worth more in Germany, a
mark generally passing there for nearly a quarter of a dollar in
our money ; but the quotation in this country is that a Prussian

thaler is worth seventy cents.   If on that basis Mr. Schneider received $1,020, it would be equal to a little more than 1,800 thalers, the whole amount of purchase money to be paid by the plaintiff.

By Mr. Miller: $1,260 that would be, if the court please.

By the Court: Well, that would be about $240 more, then, than he received; but it seems that they never tendered the deed to the plaintiff.

[But one radical defect here is that Mrs. Modzynski had no title that she could convey, and all this expense and delay was because she had no title to convey—hunting up heirs and appointing guardians and protracting the thing over two years, until the plaintiff got weary and demanded his money; and nearly three years expired before there was anything like a tender of conveyance.] [5]

Under all of these circumstances, gentlemen, I think the plaintiff is entitled to recover back the money he paid to Mr. Schneider, and Mr. Schneider is protected, because he says the Modzynski heirs are here in court assisting him in trying this case.   [I instruct you, therefore, to find for the plaintiff in the sum of $1,020, with interest from the time the suit was brought.] [6]   Mr. Schneider had the use of the money, or a good portion of it, for a couple of years before suit was brought, but I do not think the plaintiff can recover interest on that. The interest for that time would be, I think, an ample compensation for the expense he has had.

Verdict and judgment for plaintiff for $1,081.20.   Defendant appealed.

*Errors assigned* were (2–6) above instructions, quoting them.

*John F. Miller*, for appellant.

*G. H. Stengel*, for appellee.

OPINION BY MR. JUSTICE FELL, January 4, 1897 :

We are of opinion that neither the statement filed in this case nor the testimony presented at the trial discloses any ground for a recovery against the defendant.   He entered into no contract with the plaintiff, and violated no duty which he owed him.   An agent who receives money paid on account of

a contract for the purchase of real estate made with his principal cannot be held liable in an action by the purchaser to recover the money back on proof of facts which would entitle the purchaser to rescind the contract. The contract in this case was made between the plaintiff and Mrs. Modzynski for the purchase by him of her land in Germany. They agreed upon the terms of purchase, and went together to the defendant to have the contract reduced to writing. It was then arranged that the plaintiff should pay the purchase money in instalments to the defendant for the vendor, and that the defendant was to see to the proper transfer of the title when the whole of the price should have been paid. In procuring the transfer of the title he seems to have represented both parties, but in receiving the purchase money he was acting for the vendor only, and he offered to return it if she would agree. As this view of the case is conclusive of the plaintiff's right to recover, it is unnecessary to consider in detail the other assignments of error further than to say that a peremptory instruction for the plaintiff should not have been given, as the question whether there had been any breach of contract and whether the offer to rescind was made in time were fairly raised by the testimony.

As there is doubt whether the title has become vested in the plaintiff, and as to the means by which a reconveyance can be made should it become necessary, it is evident that another form of proceeding is better adapted to secure a satisfactory adjustment of the rights of the parties.

The judgment is reversed.