# Gable v. Crane, Appellant.

*Prinicipal and agent—Disclosed agency—Suit against agent—Contract for sale of land.*

An action for a breach of contract evidenced by a memorandum in writing for the sale of land cannot be maintained against an agent of the landowner, to recover payments made, where it appears that the agency was disclosed, that the agent had paid over the money to his principal who had a right to receive it, and that the agent had not been guilty of any fraud or imposition upon the plaintiff.

Argued Nov. 12, 1903. Appeal, No. 172, Oct. T., 1902, by plaintiff, from order of C. P. Lancaster Co., April T., 1902, No. 75, refusing to take off nonsuit in case of Mary Louisa Gable v. George Crane, Agent. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for money had and received. Before LANDIS, J.

At the trial the court entered a compulsory nonsuit. On a motion to take off the nonsuit LANDIS, J., filed the following opinion:

The evidence of the plaintiff shows that on April 25, 1899, George Crane, as agent for Emily Crane, Sarah Gossler, Katharine G. Fon Dersmith and Philip G. Gossler, sold a lot of ground, located in the borough of Columbia, and fronting on Plane street, thirty feet, and extending in depth to alley X 200 feet. The receipt given at the time of the purchase was as follows: " Mountville, Pa., April 25, '99. Received of Martin K. Gable, for 30 foot front lot, fronting on Plane street and Alley X, & and 200 feet deep on said Alley, Columbia, Pa. Price is 11.00 per foot front, & to be paid monthly in not less than 20.00 per month until paid. Rec'd this day $25.00 on account. Gossler Estate, by George Crane." Subsequently, other payments were made, to the amount of $75.00 and, although most of these payments were made by the plaintiff, she admitted, upon the trial, that the money belonged to her husband. There was nothing in the case to show that she, at any time, had any right to it, and how she could maintain an action in her own name for its recovery is somewhat difficult to understand. After the purchase was made, possession was given, and her husband thereupon put a fence around the ground at an expense of from $50.00 to $60.00, and planted two trees. " For two springs " they farmed it. The payments were not made according to contract, and some dispute seems to have arisen between Crane, acting for the Gossler heirs, who were the owners, and the plaintiff and her husband. Thereupon, on October 28, 1901, she, with her father, went to Crane and tendered him $255 in National Bank notes, and demanded a deed; but Crane refused to take the money, and stated to her that the amount the heirs wanted was $302. At a subsequent time, she and her husband, together, tendered $275 in National Bank notes, which were likewise refused. Without more, they went out of possession, and this suit was then commenced for the recovery of the money paid and all expenditures made on account of the purchase. As we could not see by what right Mrs. Gable could maintain the action, we entered judgment of nonsuit, and the plaintiff now asks to have this judgment stricken off.

We do not understand how it can, for a moment, be contended that Mrs. Gable can maintain an action, even if she were the proper party to bring the suit, against George Crane as

agent. Either Crane was liable, individually, or he was not liable at all. It is true that his designation as agent may, perhaps, be considered as surplusage; but, in that event, the suit is really against him as an individual. It may be conceded that, under some circumstances, he having received the money, as long as it was retained by him in his possession, an action might possibly be maintained against him, in his individual capacity, to recover it back, if his principals were not authorized to retain it, or if he originally obtained it wrongfully: Cox v. Prentice, 3 Maule & Sewyn, 344; La Farge v. Kneeland, 7 Cowen (N. Y.), 456; Story on Agency, sec. 300. But this being a disclosed agency, the rule could apply only so long as the agent had the money in his possession, and it is, then, incumbent upon the plaintiff to show a state of facts which would render him personally liable. An inspection of the testimony in this case is sufficient to show that no such evidence was presented. While Crane received the money, there is nothing to show that he did not promptly pay it to his principals, and, if he did so, no judgment could be obtained against him by the plaintiff, to compel him to pay it a second time. These principles, however, do not apply to this case. In Kurzawski v. Schneider, 179 Pa. 500, under facts very similar to those arising in this case, it was held that " an agent who receives money paid on a contract for the purchase of real estate, made by his principal, cannot be held liable in an action by the purchaser to recover the money back on proof of facts, which would entitle the purchaser to rescind the contract." Under the circumstances of this case, the action could lie against the Gossler heirs, for whose benefit and whose names the sale was made.

The plaintiff and her husband were in possession of the lot. If they were properly in possession, they could have retained it, and, having tendered the money, could have filed a bill for specific performance of the contract; or, upon the refusal of the other party to comply with the agreement and to make a deed, they had the right to withdraw from the possession and sue for a recovery of the money actually paid, with interest, and also for any damages sustained by them on account of improvements made during the time of their occupancy. But this action would not be against George Crane, for he could,

in no event, have been made liable, personally, for anything except the actual money paid into his hands and remaining there. Any claim for damages could only be made against the owners of the land. A judgment against George Crane, as agent for the Gossler heirs, though each heir is named in the caption of the suit, is not a judgment against such heirs. No service of the writ was ever made upon them, and, therefore, proceedings of this kind, so far as the heirs are personally concerned, are noneffective.

Under the facts as they have been presented to us, it seems clear that the plaintiff did not make out a case, and that the judgment of nonsuit was properly entered. We must, therefore, refuse to strike it off. The rule to show cause is, for these reasons, discharged.

Rule discharged.

*Error assigned* was refusal to take off nonsuit.

*B. F. Davis* for appellant, citied: Gower v. Sterner, 2 Wharton, 75; Hunter v. McHose, 100 Pa. 38; Huss v. Morris, 63 Pa. 367; Krueger v. Nicola, 205 Pa. 38.

*W. U. Hensel* for appellee, citied: Kurzawski v. Schneider, 179 Pa. 500.

PER CURIAM, December 19, 1903:

The facts of this case are fully stated in the opinion filed by the learned judge below, and need not be recapitulated by us. Upon the face of the paper declared on, the contract was with Martin K. Gable, the plaintiff's husband, and the right of action for a breach thereof was in him. But we need not, and do not, put our decision upon the ground that she could not maintain an action for the breach; for even if it be assumed that the evidence admitted, taken in connection with that offered and rejected, was sufficient to warrant a reformation of the instrument upon the ground that Martin K. Gable's name was inserted in place of the name of his wife by mistake, and to sustain a finding that in reality the contract was with her, we are nevertheless of opinion that the judgment of nonsuit was proper because no liability of the defendant was shown.

It is to be noticed that the action was brought to recover damages for the breach of a contract, evidenced by a memorandum in writing, for the sale of land, that by the evidence, as well as by the writing itself, the defendant acted simply as agent for the Gossler heirs, the owners of the land, and that this fact was known to the plaintiff when the contract was made. In the absence of proof of mala fides or other exceptional circumstances, it is impossible to see upon what ground the agent of the vendor can be held liable in damages for a breach of such a contract. Nor do the facts alleged in the statement, or disclosed on the trial, bring the case within that exceptional class in which an action to recover back the money paid on account of the contract will lie against the agent to whom it was paid. This is not a case where the agency of the defendant was undisclosed, or where the principal had no right to receive the money, or where it was paid by mistake or under duress, or was obtained by fraud, or where the plaintiff was induced to enter into the contract by any fraud, imposition or mala fides upon the part of the defendant, or where it appears that at the time of suit brought, the agent had not paid it over to his principal, in one or more of which particulars it differs from each of the cases cited by appellant's counsel.

Granting that there was a breach of the contract by the vendor's refusal to convey and therefore that plaintiff could rescind and recover back the purchase money paid, this alone would not entitle her to maintain the action against the defendant. The case is ruled in principle by Kurzawski v. Schneider, 179 Pa. 500, where Mr. Justice FELL stated the rule of law as follows : " An agent who receives money paid on account of a contract for the purchase of real estate made with his principal cannot be held liable in an action by the purchaser to recover the money back on proof of facts which would entitle the purchaser to rescind the contract."

In this view of the case it is unnecessary to consider at length the assignments of error relating to the rulings upon evidence ; but we remark that if the question asked of the plaintiff as to how the name of Martin Gable happened to be put in the first paper was propounded for the purpose of proving that his name was inserted by mistake, the better practice would have been to have stated the purpose, also that the ques-

tion referred to in the fifth assignment of error was clearly leading, and was objectionable upon that ground.

Judgment affirmed.