# Meehan, Appellant, *v.* Smolczgnski.

*Affidavit of defense—Contract—Sale—Parties—Corporation.*

In an action against five persons individually, to recover for goods sold and delivered, where it appears from plaintiff's statement that the plaintiff agreed in writing to furnish a corporation named, certain articles specified, and that the writing was signed by the five defendants following the word "witness," but not signed by the plaintiff whose name appeared only in the body of the writing, an affidavit of defense is sufficient which alleges that the goods were sold and delivered to the corporation named, and not to the defendants, and that the defendants

had executed the writing as agents of the corporation authorized by a resolution of the board of directors, and that the fact that they were so authorized and acting had been made known to the plaintiff.

Argued Dec. 15, 1914.    Appeal, No. 271, Oct. T., 1914, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1914, No. 4,989, discharging rule for judgment for want of a sufficient affidavit of defense in case of Frederick E. Meehan v. Antoni S. Smolczgnski, Alexsander Dutkiwicz, Stanislaw J. Cienkowski, Wm. L. Raczynski and Joseph Witkowski.    Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.    Affirmed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

Attached to the statement of claim was the following instrument in writing:

"PHILADELPHIA, PA., Aug. 30, 1912.

"I, F. E. Meehan, agree to furnish to the Polish Publishing Co., N. W. Corner of Richmond Street and Indiana Ave., the following:—

| | |
|---|---|
| 1 Cox Duplex, 4 page, 8 column with Folder | $700.00 |
| One 29x42 Cottrell | 350.00 |
| One 12x18 Gordon with fountain, side steam fixtures, impression throw-off, 6 roller stocks, riders and wrenches | 200.00 |
| One 8x12 Improved Gordon with side steam fixtures, impression throw-offs, 6 roller stocks, riders and wrenches | 60.00 |
| One 30″ Sanborn Gem Paper Cutter | 80.00 |
| 1 self-inking Proof Press (Wesel) | 50.00 |
| 1 Brehmer Wire Stitcher | 50.00 |
| 2 imposing stones with stands | 20.00 |

Type, cases and stands (8 stands and
    contents) 1 galley rack, 1 lead case
    and contents, 2 furniture cases, 1 ink
    and roller closet, 1 lead and rule cut-
    ter, 2 composing sticks, 1 mallet,
    planer, benzine can................    500.00
Shafting, pulleys, hangers and collars
    put up..........................    50.00

                                    $2,060.00

"Terms:—$100.00 cash to bind agreement; $930.00
when machinery is put on floor; and balance in sixty
days if plant is running satisfactory.

"Any of the above can be returned, if not satis-
factory.

Witness:
ANTONI S. SMOLCZGNSKI        W. L. RACZYNSKI
ALEXSANDER DUTKIEWICZ      JOSEPH WITKOWSKI."
STANISLAW J. CIENKOWSKI

The affidavit of defense averred, inter alia, as fol-
lows: That the plaintiff, Frederick E. Meehan, did enter
into an agreement with the Polish Publishing Company
of the city of Philadelphia, located at the northwest
corner of Richmond street and Indiana avenue, to fur-
nish the machinery and articles set forth in said agree-
ment, for the price therein mentioned, viz.: $2,060, in
accordance with the terms of said agreement, and all
of the defendants did enter into said agreement as a
committee authorized by the board of directors of The
Polish Publishing Company to purchase said machin-
ery by virtue of a resolution passed by the board of
directors of the said Polish Publishing Company at a
meeting thereof held on August 29, 1912; said com-
mittee having been appointed by virtue of a resolution
passed by the board of directors of the said Polish

Publishing Company held on August 27, 1912; which facts were made known by one of the members of this committee to the said plaintiff, Frederick H. Meehan; that neither did the said deponents, or either of them, nor any of their codefendants in any wise personally enter into any agreement with the said plaintiff for the purchase of said machinery, or any part thereof, or any of the articles set forth in said agreement, but did purchase said machinery and articles and signed said agreement to purchase as a committee appointed by the said Polish Publishing Company under the direction of the resolution passed by the board of directors.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*George J. Edwards, Jr.,* for appellant.—It is of no consequence whether a suit was or was not brought against Polish Publishing Company. This action involves the question of the personal liability of the five defendants who signed the paper set forth in plaintiff's statement. The cases show them to be personally liable: Quigley v. DeHaas, 82 Pa. 267; Ulam v. Boyd, 87 Pa. 477; Barclay v. Pursley, 110 Pa. 13; Crelier v. Mackey, 243 Pa. 363; Tippets v. Walker, 4 Mass. 595; Simonds v. Heard, 40 Mass. (23 Pick.) 120; Morrell v. Codding, 86 Mass. 403.

*John R. McLena, Jr.,* with him *V. E. Balukiewicz,* for appellees.—The fact that the appellees, before said agreement was made, notified the appellant that they were acting only as a committee of the Polish Publishing Company relieves them of personal liability for the amount of this claim: Paine v. Berg, 23 Pa. Superior Ct. 577; Hopkins v. Mehaffy, 11 S. & R. 126; Crelier v. Mackey, 243 Pa. 363.

OPINION BY RICE, P. J., February 24, 1915:

The instrument sued on begins: "I, F. E. Meehan, agree to furnish to the Polish Publishing Co. . . . the following:" Then, after enumerating and describing the articles and stating the prices and terms of payment, the paper concludes:

"Any of the above can be returned, if not satisfactory.

"Witness:

"Antoni S. Smolczgnski      W. L. Raczynski

"Alexsander Dutkiewicz      Joseph Witkowski."

"Stanislaw J. Cienkowski

This paper does not, on its face, import an agreement to sell to these defendants or an agreement on their part to pay. It imports simply an undertaking on the part of the plaintiff to sell to the Polish Publishing Co., and their signing of the paper, unexplained, could be more plausibly interpreted as a witnessing of his undertaking than as a promise on their part to pay the price. Even if no significance is to be attached to the word "witness," still, as the paper contains no obligatory words applicable to the defendants personally, or indeed to any one other than the plaintiff, an essential part of a contract which bound them was lacking: Hopkins v. Mehaffy, 11 S. & R. 126. In that case, Chief Justice GIBSON pointed out the difference between the covenant of an agent who describes himself as contracting for his principal and the covenant of a principal through the means and by the instrumentality of an agent, and says: "The first is the individual covenant of the agent, the second is the individual covenant of the principal." But further on in his opinion he suggests the principle which is applicable here and which distinguishes this case from all of those cited by plaintiff's counsel. The question was whether the paper was the defendant's deed, and regarding this Chief Justice GIBSON said: "He sealed and delivered it, undoubtedly; but there is something more than sealing and delivery necessary to a deed. It ought to contain the proper parts of a con-

tract; and in this instrument there are no obligatory words, applicable to the person of the defendant. Even the sealing and delivery were as the president, and in behalf of the corporation." Clearly, the instrument in question did not contain all the essentials of a contract. Undoubtedly, it would be pertinent evidence on the trial, but, without something more than was contained in it, it would not sustain an action against these defendants. Hence, it was not a contradiction or denial of anything legally implied from their signing this unilateral instrument, for them to allege in their affidavits of defense that the goods were sold and delivered to the Polish Publishing Co., a corporation, and not to them; that in making the agreement under which the goods were sold and delivered they were acting in the capacity of agents of the corporation duly authorized so to act by resolution of its board of directors; and that the fact that they were so authorized and acting was made known to the plaintiff. Assuming the truth of these allegations, it may be as appropriately said here, as it was in Hopkins v. Mehaffy: the plaintiff did not treat on the basis of the defendants being personally answerable, and to permit him to maintain this action would permit him to have what was not in contemplation of either party, recourse to the person of the agent.

The appeal is dismissed at the costs of the appellant, without prejudice, etc.