# Dorsey *v.* Berry, Appellant.

*Principal and agent—Sales of real estate—Money paid on account of purchase price—Failure of consideration.*

In an action of assumpsit to recover money paid to an agent in a sale of real estate, the agreement provided that payments made by the buyer should be retained on account of the purchase money or as compensation for damages or expenses incident to the transaction. The principal had no legal title to convey and the sale was not completed.

Where no evidence of damages or expenses was offered, the consideration having failed, judgment against the agent for the amount advanced on account of the purchase price will be sustained.

An action of indebitatus assumpsit is maintainable against an agent whose principal is known, where money has not been paid without notice, the action lying on the promise to pay which the law implies wherever one man has the money of another.

Argued October 10, 1927. Appeal No. 68, October T., 1927, by defendant from judgment of M. C. Philadelphia County, March T., 1925, No. 117, in the case of George F. Dorsey v. Ernest Berry. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover money paid on account of the purchase price of real estate. Before KNOWLES, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff in the sum of $816.66 and judgment was entered thereon. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*Frederick A. Sobernheimer,* for appellant.—An intending purchaser who defaults cannot recover money paid to an agent where there was a written agreement

providing that deposits should be retained by seller upon default of purchaser: Reynolds v. The State Mutual Insurance Co., 2 Grant's Cases, 329; Imperial Fire Insurance Co. v. Dunham, 117 Pa. 460; Reed v. Lukens, 44 Pa. 200; Kerr v. Day, 14 Pa. 112; Dobkin v. Landsberg, 273 Pa. 177; Cape May R. Est. Co. v. Henderson, 231 Pa. 84. A purchaser of real estate cannot recover payments to an agent of a disclosed principal where the agreement is that the agent shall not be liable: Kurzawski v. Schneider, 179 Pa. 500; Gable v. Crane, 24 Pa. Superior Ct. 56; Rosenberg v. W. P. Clyde & Co., 2 Pa. Superior Ct. 572; Parsons on Contracts (6th Ed.) Vol. 1, 84; Bogart v. Crosby, 80 Cal. 196; Bailey v. Cornell, 66 Mich. 107; McCubbin v. Graham, 4 Kan. 397.

*Joseph R. Rose,* and with him *Charles L. Taylor,* for appellee.—Where the seller has no legal title the purchaser can recover payments advanced to an agent on account of the purchase price, although the principal was disclosed: Artzerounian v. Demetriades, 276 Pa. 303; Wharton v. Hudson, 3 Rawle 390; Seidel v. Peckworth, 10 S. & R. 442.

OPINION BY LINN, J., December 15, 1927:

This appeal is from a judgment for plaintiff in a suit to recover back money paid on account of the purchase price of real estate. In the agreement the defendant contracted to sell as agent for Flanagan. In his affidavit of defense he admitted that he still held the money "as agent for Flanagan, defendant [plaintiff?] having failed to carry into effect the provisions of the agreement." The evidence is that Flanagan did not have the legal title to the premises at the time fixed for settlement, or at any other time, though defendant proposed (but was not permitted) to show that his principal, Flanagan, had an agreement with the holder of the legal title to convey to Flanagan. It is not suffi-

cient to have the equitable title only. But even if we consider that Flanagan had such a contract to buy the property, that fact will not put the plaintiff in default: "Defendant in his affidavit does not aver that the legal title was vested in him; unless it was, and he could transfer it to plaintiffs, the latter were not in default, and not being in default, defendant could not lawfully forfeit the money they had paid;" Artzerounian v. Demetriades, 276 Pa. 303, 306. As Flanagan did not have the legal title to convey, there was failure of consideration entitling plaintiff to recover back what he had paid on account.

The agreement of sale contained no provision authorizing defendant or Flanagan to declare a forfeiture of the payments. It provides that such payments shall "be retained by the seller, either on account of the purchase money, or as compensation for the damages and expenses he has been put to in this behalf, as the seller shall elect......" As Flanagan could not convey, he could not retain the payments as purchase money, even if defendant had paid them over to him; on the other hand if we assume that Flanagan was not in default, the contract gave him no right to retain the money save as "compensation for the damages and expenses" sustained by plaintiff's default. There is no evidence that he sustained any damages or loss, and none was claimed in the affidavit of defense. On this record therefore he was not entitled to retain the sums paid.

That defendant was agent for a disclosed principal, of itself gives him no right to withhold plaintiff's money. "The consideration having failed ...... the plaintiff was entitled to retribution from some one; and why not from the defendants in whose hands his money had remained? Because, say they, an action of indebitatus assumpsit is not maintainable against an agent whose principal is known. Such, however, is not

the law where money has not been paid over without notice, the action lying on the promise to pay which the law implies wherever one man has the money of another.'' Wharton v. Hudson, 3rd Rawle, 390, 391. Gable v. Crane, 24 Pa. Super. Ct. 56, 58, 60.

Judgment affirmed.