Blau *v.* Kettling et ux., Appellants.

Argued October 3, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Albert T. Hanby,* and with him *Frank Bechtel, Jr.,* for appellants.

412

*Martin Silvert,* for appellee.

Opinion by Linn, J., November 21, 1928:

Plaintiff has judgment in a suit tried by a judge without a jury for commissions earned as real estate broker in procuring a purchaser for certain real estate owned by one of appellants, and for stock and fixtures owned by the other in a business conducted on the premises. There is evidence to sustain the finding for plaintiff. He produced a purchaser with whom defendants signed and delivered an agreement of purchase and sale dated February 19. The execution of the agreement had been preceded by an inspection of the premises, stock and fixtures by the purchaser. He gave to defendants his check for $500 down-money which defendants deposited on Saturday, February 20. On that afternoon, the purchaser visited the premises, and found that defendants had packed for removal part of the stock and fixtures sold. Because of that fact, he stopped payment of his check and so notified defendants. Much of this evidence was contradicted by defendants, but the parties are bound by the finding of the judge to whom they submitted the case, because his finding is supported by evidence. Included in the general finding is the fact that the purchaser acted in good faith, and subject to making good his right to rescind if challenged by defendants in a suit brought for breach of his contract.

Defendants had in writing agreed to pay plaintiff a specified rate of commission; it is immaterial that in the agreement of sale, defendants agreed to take less than they had specified as the asking price in their agreement with the broker to pay commissions, or that they 'lumped' the price for the personal property and the real property in the sales agreement instead of fixing a separate price for each class of property as they had in their brokerage agreement. The judg-

ment requires them to pay only the lower rate of commission, and as that is in their interest, they cannot complain. The judgment properly follows the finding of fact: Hipple v. Laird, 189 Pa. 472; Lessy v. Fletcher, 89 Pa. Superior Ct. 521, 524.

Judgment affirmed.