## Byer *v.* Blau, Appellant.

Argued October 5, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Martin Silvert*, for appellant.

*Samuel Lipschultz*, and with him *Benjamin Friedman*, for appellee.

OPINION BY BALDRIGE, J., December 16, 1933:

This is an action in assumpsit for the return of a deposit of $200 given by the plaintiff to the defendant as agent of the seller of a business which the plaintiff agreed to purchase. According to the admitted facts, Dennis McLaughlin entered into a written agreement of agency on May 1, 1931, with the defendant, wherein McLaughlin agreed to pay the defendant certain commissions for the sale of his grocery and delicatessen business. On September 3, 1931, the defendant procured as a purchaser, Samuel Byer, the plaintiff. An agreement of sale was executed by McLaughlin and Byer; and, in accordance with the terms thereof, Byer paid to the defendant, as agent for McLaughlin, the sum of $200. On September 30, 1931, McLaughlin re-

scinded the agreement, and, in a letter, directed the defendant to return the deposit of $200 to the plaintiff. Defendant refused so to do, claiming the money on account of commissions alleged to be due him from the seller. The case was tried before Judge BLUETT, without a jury, who found for the plaintiff in the sum of $213.50.

In Messer Real Estate & Ins. Co. v. Ruff, 185 Ala. 236 (1913), 64 So. 51, brokers had effected a sale of land and received payment of a portion of the purchase price, but the parties abandoned the contract on account of the inability of the vendor to convey title. The defense set up was the same as in the case at bar. The court held that regardless of whether the vendor owed the brokers a commission, the plaintiff was entitled to recover, as an agent had no greater right to the money than his principal. In Gosslin v. Martin, 56 Ore. 281 (1910), 107 P. 957, where the facts were similar, the court held: "Where an agent has collected money for his principal under such circumstances and paid it over to the principal, an action will not lie against him to recover it; but where, as in this case, he still has the money in his possession, such action will lie."

These decisions are in accord with our own cases. In Wharton et al. v. Hudson, 3 Rawle 390, Hudson brought an action to recover back money paid on a subscription to stock in a proposed corporation which was never formed. The defendants claimed the right to retain the amount received on account of a debt due them for services pursuant to an agreement with the principals, by which they were to have one per cent on all subscriptions received. The court held that the agreement between the principals and their agents regarding commission did not affect the claim of the plaintiff for the money in the agents' hands; their respective claims could be determined in another proceeding. This case has been cited with approval in

Dorsey v. Berry, 92 Pa. Superior Ct. 195, where an action was brought to recover money paid by a purchaser to an agent in a real estate transaction. The court held that defendant being an agent for disclosed principal gave him no right to withhold plaintiff's money after the consideration had failed. True, there was no defense set up in that case that the money in possession of the agent was claimed by him for commissions; but, in our opinion, that defense does not affect plaintiff's right to recover from this defendant the amount he paid to him upon the abrogation of the agreement and direction by his principal to return the money.

Appellant cites Gable v. Crane, 24 Pa. Superior Ct. 56, 60, where the court held that there could be no recovery against an agent of the landlord for a breach of contract, where the disclosed agent had paid over the money to his principal who had it in his possession; that is an entirely different proposition. In a per curiam opinion, the court stated, however: "Nor do the facts alleged in the statement, or disclosed on the trial, bring the case within that exceptionable class in which an action to recover back the money paid on account of the contract will lie against the agent to whom it was paid. This is not a case where the ...... agent had not paid it over to his principal." In Black Co. v. Baker, 88 Pa. Superior Ct. 206, the broker sued his principal for commission in securing a purchaser for real estate. The only question of fact arose as to whether or not there was an employment. Blau v. Kettling et ux., 94 Pa. Superior Ct. 411, was, likewise, a case between the broker and the property owner, and was a dispute as to whether the broker secured a purchaser for the real estate. In Kurzawski v. Schneider, 179 Pa. 500, 36 A. 319, the court held that it was error to direct a verdict for the buyer against the agent where there was conflicting evidence on the question of the seller's default in the terms of the

agreement. Balsbaugh v. Frazer, 19 Pa. 95, was a suit brought by an administrator to recover from an attorney at law certain moneys which he had collected for the plaintiff's intestate in litigation. The court held that defendant was entitled to retain reasonable fees from the sum in his possession. These cases relied upon by the appellant have no bearing on the issue involved in the present case.

Judgment affirmed.