## Toll et ux. v. Pioneer Sample Book Company

*J. E. Gold*, for plaintiffs.
*Einhorn & Schachtel*, for defendant.

LEWIS, J., September 16, 1949.—This is an action in assumpsit to recover the balance of purchase money on an agreement of sale of real estate.

Plaintiffs, owners of 6224 Paschall Avenue, sold the premises for the sum of $95,000 to "Sidney Smiler or his nominee"; the terms of the sale provided for a down payment of $9,500, with the balance of $85,000 to be paid at settlement. The agreement further provided that "buyer should use his best efforts to obtain a mort-

gage in the amount of at least $57,000.00" with interest of not more than 4½ percent, and requiring installments of principal of not more than five percent per annum; and, in the event the buyer was unable to obtain a mortgage on such terms, the buyer had the option of terminating the agreement and receiving the return of the deposit money.

The action is brought against Pioneer Sample Book Company on the theory that it was an undisclosed principal for whom Sidney Smiler was the duly authorized agent. The complaint averred that defendant did not use its best efforts to obtain the mortgage, and that hence plaintiffs have retained the deposit money, despite a request for its return, and sue for the balance of the purchase price.

Defendants filed preliminary objections to the complaint, to the effect that, (1) plaintiffs rely upon a sealed instrument to which defendant was not a party, and (2) there is a prior action pending in Court of Common Pleas No. 2, as of June term, 1948, no. 883, for the return of the deposit money.

We will consider only the right of plaintiffs to maintain this action. An instrument under seal at common law limits the right of action to the parties named in the instrument. Exceptions have been made where the instrument itself shows that one of the parties is acting as agent for an undisclosed principal, the courts permitting action against such undisclosed principal. (See Yentis v. Mills, 299 Pa. 25, and Pittsburgh Terminal Coal Corp. v. Bennett, 73 F.(2d) 387.) Another exception is made where the unnamed person is actually receiving beneficial enjoyments under the contract. (See Ottman et al. v. Nixon-Nirdlinger et al., 301 Pa. 234; Dick et ux. v. McWilliams, 291 Pa. 165.) However, no one of the exceptions to the general rule applies to make the Pioneer Sample Book Company a proper party defendant herein.

The instrument names "Sidney Smiler or his nominee" as the purchaser. It is well recognized in real estate transactions that the words "or his nominee" give to the purchaser an unlimited scope to name as nominee any one whom he may select, even a total stranger or a completely irresponsible person. In accepting the agreement, the seller has limited his right of action to the purchaser named, at best, with the possibility of having a less desirable nominee. The use of the term "or his nominee" is no indication that the purchaser is acting as an agent. Certainly it does not give to the seller the right to nominate a particular party as an undisclosed principal and to bring action against such party. The effect of such a clause is to place the selection of the ultimate purchaser completely within the control of the party named.

There is an additional factor operating against plaintiffs herein. The agreement gives the purchaser the right to obtain the return of the purchase money providing he is unable to obtain a mortgage of a given amount on recited terms. The complaint avers that the purchaser had not used his best efforts to obtain such a mortgage. A mere denial that the purchaser has used his best efforts does not meet the burden that rests upon a plaintiff to affirmatively plead a complete case. Plaintiffs have not, in their pleadings, indicated where or how the purchaser might have obtained the mortgage, nor have plaintiffs offered to accept such a mortgage. Without attempting to pass upon the merits of the action pending for the return of the deposit money, we hold that the complaint, for the purposes of an affirmative case, is insufficient.

The preliminary objection that plaintiffs have not stated a good cause of action is sustained, and if no sufficient amendment is filed within 15 days, judgment will be entered for defendant.