Brunetto *v.* Ferrara, Appellant.

Argued September 29, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*L. K. Kassrich,* with him *Alexander S. Segal,* for appellant.

*Joseph N. Bongiovanni, Jr.,* for appellee.

OPINION BY ROSS, J., November 14, 1950:

This action of assumpsit was brought to recover the sum of $200 deposited by the plaintiff with the defendant, Andrew C. Ferrara, as part of the purchase price of certain realty. The cause was tried in the Municipal Court of Philadelphia before a jury, which returned a verdict for plaintiff in the amount of the deposit. Defendant's motion for a new trial was overruled, and from this ruling he took this appeal.

The transaction which led to the present controversy concerned the proposed sale of a house and lot located at 1005 Annin Street in Philadelphia. This property had been owned by the father of the defendant, and upon his death, a month or two before the events in question took place, passed by intestate succession to his five children. Plaintiff learned that the property was being offered for sale, and on November 30, 1947, his wife, after inspecting the property, gave defendant's sister $200 as part of the purchase price of $6,000 asked for the property. Later the same day, defendant, who

was not present when Mrs. Brunetto left the deposit with his sister, called at the home of the Brunettos and delivered to plaintiff the following writing: "Received of Salvatore Brunetto $200 on account of residence 1005 Annin Street. Sale of said property to be $6,000. Signed, Andrew C. Ferrara." About two weeks later, plaintiff notified defendant that he had changed his mind about buying the property and demanded a return of the deposit. Defendant refused to return the money, and about three weeks later sold the premises to one Seludo for $6,000.

The principal contention of the defendant, the *only defense relied upon by him in his answer and at the trial,* is that he is not liable for the return of the deposit because he acted merely as an agent in accepting it. He cites cases (*Yentis v. Mills,* 299 Pa. 25, 148 A. 909; *Kurzawski v. Schneider,* 179 Pa. 500, 36 A. 319; *Gable v. Crane,* 24 Pa. Superior Ct. 56), which stand for the proposition that an agent who receives down money on behalf of a disclosed principal under an agreement for the sale of real estate is not liable for its return to the vendee if the sale is not consummated. That this is the law cannot be disputed; but an examination of those cases discloses wherein the problem under consideration differed from the instant situation. In each case cited by defendant, the person from whom recovery was sought was simply and only an agent and his representative capacity was either *admitted* or *clearly discernible* from the evidence. In the present case, by his own admission, defendant was a part owner of the premises involved and, therefore, a principal in regard to at least an undivided interest therein. Further, he seeks to establish his representative capacity by testimony tending to show that plaintiff knew he was acting as agent for all the heirs of his father. However, such evidence does not show that defendant was *in fact* an agent. In *Horwath v. Simon,*

95 Pa. Superior Ct. 410, 414, it is said: "A person contracting as agent will be personally liable, whether he is known to be agent or not, in all cases where he makes the contract in his own name or voluntarily incurs a personal responsibility either expressed or implied." This language is quoted with approval in *Penna. R.R. Co. v. Rothstein*, 116 Pa. Superior Ct. 156, 160, 176 A. 861, and it is added at page 161: "It is therefore immaterial that one party to a contract may have knowledge that the other party is acting as agent if the latter in signing the contract purports to act as principal." Here, in the receipt defendant failed to indicate that he signed in a representative capacity only; on the contrary, it indicates that he purported to deal with the plaintiff as a principal. Under the circumstances in this case, the question of his agency was properly submitted to the jury.

The defendant's next contention is that the plaintiff, as vendee under an oral agreement for the purchase of the property, was in default and, therefore, not entitled to recover the down payment. It is well settled that one who has advanced money, or done an act in part performance of an oral agreement for the sale of land, the other party being ready and willing to proceed and fulfill all his stipulations according to contract, will not be permitted to recover back what has thus been advanced or done. *Roberts v. Roesch*, 306 Pa. 435, 159 A. 870; *Sanders v. Brock*, 230 Pa. 609, 79 A. 772; *Messinger v. Lee*, 163 Pa. Superior Ct. 297, 60 A. 2d 599. However, this contention was not raised in defendant's answer to the complaint or in his motion for new trial before the court below, and the case was tried on the theory that there had been no *agreement*, oral or otherwise, between the parties for the sale and purchase of the property. Consequently, this question cannot be raised for the first time in this appeal. As stated by President Judge RHODES in *Schmidt v. Martz*,

161 Pa. Superior Ct. 439, 55 A. 2d 588, at page 442: "A party cannot be permitted subsequently to question facts expressly admitted or deliberately waived at the trial. . . . The defense now sought to be interposed is plainly an afterthought, and one which appellant must be held to have waived. Holt v. Pariser et al., 161 Pa. Superior Ct. 315, 321, 54 A. 2d 89. . . . We will not review a case on a different theory from that on which it was tried in the court below, nor will we consider other questions than those which were presented for determination at the trial."

The defendant further complains of the inadequacy of the trial court's charge, to which he took neither specific nor general exception. In these circumstances, mere inadequacy of a charge may not be made the basis for the reversal of a lower court's refusal to grant a new trial. *Philadelphia Saving Fund Society v. Bethlehem,* 143 Pa. Superior Ct. 449, 17 A. 2d 750; *Stadham Co. v. Century Indemnity Co.,* 167 Pa. Superior Ct. 268, 74 A. 2d 511.

The refusal of a new trial will be reversed only upon a showing that the court manifestly abused its discretion (*Holt v. Pariser et al.,* supra,) and in this case we find no such abuse.

Judgment affirmed.