**In re FSC CORPORATION, Debtor.**

**FSC CORPORATION, Plaintiff,**

v.

**MELLON BANK, N.A.,
Trustee, Defendant.**

**Bankruptcy No. 81–2558.
Adv. No. 83–1464.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 9, 1986.

See also, Bkrtcy., 33 B.R. 212, Bkrtcy., 38 B.R. 346.

Thomas S. Galey, Pittsburgh, Pa., for FSC Corp., now known as Trilos Corp.

B.A. Karlowitz, William Hoffman, Pittsburgh, Pa., Karlowitz, Hoffman & Brodbeck, for Mellon Bank, N.A.

M. Bruce McCullough, Buchanan Ingersoll, P.C., Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court are cross-Motions For Summary Judgment in an action by the Debtor to recover an interest payment of $551,250.00, which it claims was a preferential transfer pursuant to § 547(b) of the Bankruptcy Code. The Defendant alleges, *inter alia,* that as an agent for a disclosed principal, it is not the appropriate party in this suit, and that no preference occurred from which it benefited.

While it is clear to the Court that a preferential transfer did occur, we agree with the Defendant in this case, that as an agent for a disclosed principal, no preference occurred as to it; accordingly, we will grant the Defendant's Motion For Summary Judgment, and deny that of the Plaintiff.

## FACTS

On August 1, 1980, the parties entered into an agreement titled "Indenture Between FSC Corporation and Mellon Bank, N.A. as Trustee....." ("Indenture"). This Indenture was created in order to provide the Debtor with needed capital through loans from various small investors other than Mellon, the Indenture Trustee. These investment loans are manifested by debentures authenticated and evidenced by the Indenture Trustee and issued by the Debtor to the individual investors.

The Indenture Agreement provided for semi-annual interest payments to be made by the Debtor to the Defendant for transmittal to the debenture holders. In the absence of default, the sole role of the Trustee was to receive interest payments from the debtor-in-possession in trust and distribute them to the disclosed principals (i.e. the debenture holders).

An interest payment was due and paid in the ordinary course of business on February 1, 1981. The interest payment in question, in the amount of $551,250.00, was due on August 1, 1981. The Debtor made this payment to the Defendant on August 12, 1981, and the Defendant paid out this amount, on that same date, to those investors holding debentures registered under the terms of the Indenture Agreement. Thereafter, the Defendant possessed neither custody nor control over the funds dispersed to the investors.

On September 25, 1981, the Debtor filed a Chapter 11 bankruptcy petition. As debtor-in-possession, it asserts that the transfer of the August interest payment was a preference which may be avoided. With this portion of the debtor-in-possession's argument we agree.

Section 547(b) of the Bankruptcy Code outlines the requirements necessary to prove a preference:

(b) *Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property —*

No party disputes the fact that a transfer of property of the Debtor occurred.

(1) *to or for the benefit of a creditor;*

Clearly, the transfer was to the Indenture Trustee for the benefit of the debenture holders who were creditors of the debtor-in-possession.

(2) *for or on account of an antecedent debt owed by the debtor before such transfer was made;*

On the date the debentures were purchased (prior to August 1, 1980) a debt was created by and between said debenture holders and FSC Corporation. As time passed the contract interest accrued on said debt. The payment in question is payment of such interest on said antecedent debt.

(3) *made while the debtor was insolvent;*

Undisputed records and the Schedules filed with the Court prove this statement.

(4) *made —*

(A) *on or within 90 days before the date of the filing of the petition; ...*

(5) that enables such creditor to receive more than such creditor would receive if—

(A) *the case were a case under Chapter 7 of this title* ;

(B) *the transfer had not been made* ; and

(C) *such creditor received payment of such debt to the extent provided by the provisions of this title.*

Clearly a preference has occurred; however, the Court finds that the Plaintiff has pursued the wrong Defendant. The Indenture Trustee was obligated under the Indenture Agreement to transfer the interest payments received from the Debtor to the debenture holders. As such, the Indenture Trustee acted as an agent for its principals, the debenture holders.

The law in Pennsylvania clearly states that:

When a third party makes a payment to an agent and thereafter acquires a right to the return of the money, the agent is not personally liable *unless it appears that the money remains in his possession.* Even though the agent has delivered the money to his principal, he may be liable if he made an independent personal promise to repay or if his principal was undisclosed.

P.L.E. Agency § 109, p. 578 (emphasis added)

While the cases cited in the treatise are factually dissimilar in that they deal primarily with real estate transactions, the legal premise is the same.

In *Kurzawski v. Schneider*, 179 Pa. 500, 36 A. 519 (1897), the Court addressed an action by the Plaintiff to recover part of the purchase money paid to the Defendant as agent of the seller. The Court held that:

[an] agent who receives money paid on account of a contract for the purchase of real estate made with his principal cannot be held liable in an action by the purchaser to recover the money back, on proof of facts which would entitle the purchaser to rescind the contract.

Years later, the Court bolstered this holding, finding that an agent who received hand money on behalf of a disclosed principal was not liable for the return of said hand money when the purchase was not consummated. *Yentis v. Mills*, 299 Pa. 25, 148 A. 909 (1930). The Court said:

[So] the purchaser might hold the agent responsible, *if the latter had agreed to keep the deposit and not pay it over unless the deal was closed,* and there was failure to convey, *but such facts do not appear here.*

*Id.* 148 A. at 911 (emphasis added).

The case of *Brunetto v. Ferrara*, 167 Pa.Super. 568, 76 A.2d 448 (1950) reiterates this language as an undisputed statement of law; however, in that case the Court found the Defendant liable because he was part owner of the real estate being sold. Therefore, he was a partial principal, as well as the agent, and had made an "independent personal promise to repay". P.L.E., *supra.*

Thereafter, the Pennsylvania Superior Court, in *Trott v. Hild*, 190 Pa.Super. 85, 151 A.2d 832 (1959), further stated that:

[Under] the law of agency, where an agent has received moneys belonging to a disclosed principal, the agent is not under a duty to return the same to the other party to the transaction *if the cause for recision arises after their receipt.*

*Id.* 151 A.2d at 836 (emphasis added).

Cases from other states and circuits have shown a similar policy. *See Mercantile Trust Co. v. Schlafly*, 299 Fed. 202 (8th Cir.1924) (Court permitted recovery against agent for preferential transfer, *where agent remained in possession of the funds*); *Jentzer v. Viscose Co.*, 13 F.Supp. 540 (S.D.N.Y.1934) (in preference action by Bankruptcy Trustee, agent of Defendant found not personally liable for money already turned over to his principal, following the decision of Judge Benjamin Cardozo, in *Carson v. Federal Reserve Bank of New York*, 254 N.Y. 216, 172 N.E. 475 (1930); *Brinig v. American Credit Bureau*, 439 F.2d 43 (9th Cir.1971) (also following Cardozo's Opinion in *Carson, supra.*).

The Debtor weakly asserts that because the Defendant has filed a claim against the estate that the Defendant must be a creditor. However, the Defendant filed such claim on behalf of the debenture holders, as it was required to do by the very Indenture Agreement to which it was a signatory. The powers and duties of a Trustee are determined by the language of the Indenture.

In filing a claim, the Trustee does so in behalf of the principals. This does not make the Trustee a creditor with respect to the debt itself. *See Bitker v. Hotel Duluth Co.*, 83 F.2d 721 (8th Cir.1936); *In re Allied Owner's Corp.*, 74 F.2d 201 (2nd Cir.1934). The debtor should be equitably estopped from now changing the terms of the Indenture Agreement to create a debtor/creditor relationship, where there was none previously.

Therefore, while it is clear that a preferential transfer did occur, it is also clear that the Defendant is not the appropriate party to return the preferred payment. Had the Defendant retained custody and control of the money, it could be required to return same. Having already settled with the various principals, the Defendant no longer possesses such liability.